**Vaughn LETENYEI, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, FAA, Respondent.**

**Appeal No. 85–745.**

United States Court of Appeals, Federal Circuit.

July 18, 1985.

Julian A. Wilhelm, Burch and Bennett, P.C., Washington, D.C., argued for petitioner. With him on the brief was J. Thomas Burch, Jr.

Robert A. Reutershan, Asst. Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Sandra P. Spooner, Asst. Director.

Diane Liff, Asst. Gen. Counsel for Litigation, Dept. of Transp., Washington, D.C., of counsel.

Before FRIEDMAN, Circuit Judge, MILLER, Senior Circuit Judge,* and NIES, Circuit Judge.

FRIEDMAN, Circuit Judge.

This petition to review challenges an order of the Merit Systems Protection Board (Board) dated September 4, 1984, 23 M.S.P.R. 19, sustaining the removal of the petitioner. We affirm.

* Judge Miller assumed senior status effective     June 6, 1985.

## I

A. This case is here for the second time. The Federal Aviation Administration removed the petitioner Letenyei from his position as an air traffic controller for participating in the illegal air traffic controllers' strike called by the Air Traffic Controllers' Union (PATCO) in August 1981. In so ruling, the Board, 15 M.S.P.R. 62 (1983), reversed the initial decision of its presiding official, who held that there was no evidence that Letenyei's absence from work during the strike was in concert with others.

The strike began on August 3, 1981. As we stated in our prior opinion, *Letenyei v. Department of Transportation, FAA*, 735 F.2d 528, 529–30 (1984):

Letenyei had been authorized annual leave from August 2 through August 15, 1981. On August 1, 1981, the day before his annual leave was scheduled to begin, Letenyei's supervisor notified him by telephone that his leave had been cancelled, effective 3:18 p.m. on August 3, 1981. Letenyei did not report for work on August 3 or 4, or for his shift on August 5 following the expiration of the Presidential deadline. On August 6, 1981, the Administration sent petitioner a written notice of proposed removal for striking and for being absent without leave beginning on August 3, 1981.

In his oral reply to the Notice of Proposed Removal, Letenyei stated

that he had made arrangements to move and to sell his house and then to go on vacation during his scheduled leave; that when he was informed on August 1 that his leave was cancelled, he was in the midst of moving and had a loaded truck at his house; that at that time "my priority was to take care of the houses and I could not change vacation plans"; and that "[o]wning two houses at the time and with moving and preparing both houses, it was just that I could not change plans or it would cost thousands within a week." At the subsequent hearing before the Board, Letenyei also contended that the collective bargaining agreement between PATCO and the Administration precluded the agency from cancelling his leave.

*Id.* at 530.

In our prior opinion we rejected Letenyei's argument that the collective bargaining agreement barred the agency from cancelling his leave and held that Letenyei "has not rebutted the Administration's *prima facie* case that his refusal to work was unauthorized. The question, therefore, is whether Letenyei has rebutted the government's *prima facie* case on the second element of striking—whether Letenyei's refusal to work was 'in concert with others.'" *Id.* at 532. We ruled that, on the basis of the Board's "reasoning and analysis," we could not sustain the Board's conclusion that Letenyei's refusal to work was "in concert with others" and therefore involved striking. We pointed out that

[t]he fact that Letenyei was able to work during the strike period does not establish that his failure to do so was the result of his acting in concert with other controllers. It is equally compatible with his belief that his leave had been improperly cancelled and his attitude that completing his move and the sale of his house and taking his vacation were more important than promptly returning to work. Although one may condemn this attitude, its existence does not show that Letenyei's failure to work resulted from his participation in the strike.

*Id.* at 532–33.

We also stated that the Board had not explained adequately the reason for its conclusion that there was "evidence" that Letenyei appeared on the picket line, in view of the presiding official's accepting as truthful Letenyei's testimony that he had never picketed. *Id.* at 533.

In holding that "[o]n the basis of what the Board has said, we cannot sustain its decision," we noted that we were "not ruling that on the record before it the Board could not have made a valid determination that Letenyei participated in the strike. We hold only that it has not done so." *Id.*

at 533. Our conclusion on this point was as follows:

> Because of the seriousness of striking against the government, we conclude that instead of reversing the Board's decision outright, we should vacate it and remand to the Board for reconsideration in light of this opinion. Upon the remand, the Board may make any determination it believes is justified on the basis of the record before it, but it must adequately explain the reasons for its decision. If the Board again rejects the decision of the presiding official, it must fully state the grounds for doing so. If the Board concludes that additional evidence is required before it decides the case, it may remand to the presiding official to reopen the record.

*Id.*

B. In its opinion on remand, based upon the existing record, the Board again held that Letenyei had not rebutted the agency's *prima facie* case of "participation in the PATCO strike." The Board pointed out that the record contains evidence of Letenyei's "presence among pickets and/or at a union rally":

> The evidence is comprised not of documentation or testimony from agency witnesses, but of the appellant's own statement that he stopped at the picket line "a lot of times to find out what was happening," and his admitted attendance at a PATCO countdown rally to the 11:00 o'clock Presidential deadline on August 5, 1981. His explanation that he "stayed only about five minutes" does not negate his admission to the oral reply officer, on August 28, 1981, that he had attended the rally.

The Board continued:

> In his oral reply to the agency's charges, the appellant claimed that his refusal to return to work was based on his lack of time due to the demands of changing his residence and going on vacation. However, in the midst of the well-recognized national emergency caused by the strike, and after having disobeyed a direct order to return to duty, the appellant chose to devote the limited free time permitted him by his ill-chosen first priority in the company of strikers on a picket line and at the union countdown rally. We believe it fair to conclude that someone in the appellant's circumstances, but unsympathetic to the strikers and their cause and concerned for the future of his job, would have used such available time to contact his employer, protest the cancellation of his leave, request the admittedly small amount of time necessary to complete the settlement of his new house, or otherwise protect his interests. The appellant in this case did none of these. Rather, the evidence suggests that the appellant's moving and vacation plans impeded not so much his return to work, which he freely admitted was entirely possible, as his ability to participate more extensively in strike-related activities.

II

We conclude that in its decision on remand, the Board corrected the deficiencies we determined existed in its prior decision and justifiably concluded that Letenyei had not rebutted the agency's *prima facie* case of strike participation. As the Board pointed out, Letenyei admitted his presence both on the picket line and at a PATCO rally. The Board reasonably concluded that this "voluntary individual activity clearly contributed to the concerted effect of the PATCO job action sufficient to render him culpable of participation in the strike." For the reasons the Board gave, the Board was warranted in rejecting Letenyei's contention that his unauthorized absence during the strike was based on "his lack of time due to the demands of changing his residence and going on vacation" rather than his participation in the strike.

The order of the Board sustaining the removal of the petitioner is affirmed.

AFFIRMED