William S. **RUSSELL**, William M. Hetherington, **Robert E. Henry, Daniel J. Houlihan, and Ronald E. Oswill, Petitioners,**

v.

**DEPARTMENT OF TRANSPORTATION, FAA, Respondent.**

**Appeal Nos. 85-1128 to 85-1132.**

United States Court of Appeals, Federal Circuit.

Aug. 30, 1985.

Anthony A. De Corso, Los Angeles, Cal., argued for petitioners. With him on brief was Mark E. Beck, Los Angeles, Cal.

Eva M. Plaza, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With her on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Sandra P. Spooner, Asst. Director, Washington, D.C.

Diane Liff, Asst. Gen. Counsel for Litigation, Dept. of Transp., Washington, D.C., of counsel.

Before FRIEDMAN, Circuit Judge, MILLER, Senior Circuit Judge, and NIES, Circuit Judge.

PER CURIAM.

On the basis of the Merit Systems Protection Board's opinion in each of these cases, we affirm the board's decision sustaining removal of petitioners for participation in a strike and unauthorized absence. 5 U.S.C. § 7703(c) (1982).

■ Petitioner Russell argues that his absence from work was involuntary due to his fear of not becoming certified in retaliation for failure to join the strike. However, such an argument was rejected in

Johnson v. Department of Transportation, FAA, 735 F.2d 510 (Fed.Cir.1984). See Martel v. Department of Transportation, FAA, 735 F.2d 504 (Fed.Cir.1984). Petitioner argues further that his absence was due to "intense fear and anxiety over the chance that he would endanger himself [and] his family ... if he defied PATCO and reported for work during the strike." However, he told his supervisor that no specific threats were made to him personally and, as the Government points out, raised the point of being threatened with physical harm for the first time in his brief on appeal. Moreover, his psychiatrist testified that he (Russell) never mentioned fear from physical harm. Finally, petitioner argues that even if his fear was not such as to render his absence from work involuntary (i.e., did not satisfy the objective "reasonable person" test prescribed by Johnson), his subjective fear was sufficient to rebut the Government's prima facie case of voluntary withholding of services in concert with others. However, assuming arguendo that petitioner was motivated by unreasonable fear,[1] to permit his withholding of services (simultaneously with such action by other employees) to escape sanction would as a practical matter render the objective "reasonable person" test a nullity.

■ Petitioner Hetherington argues that he was confused and thought his employment was terminated when he received a telegram, which stated that a strike was in progress, participation could result in removal, and that he should report for duty. We agree with the MSPB's observation that this contention is without merit. Petitioner's argument based on coercion lacks specifics and is fully met by the board's opinion. See Schapansky v. Department of Transportation, FAA, 735 F.2d 477 (Fed.Cir.), cert. denied, —— U.S. ——, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984); Johnson v. Department of Transportation, FAA, 735 F.2d 510.

---

**1.** We note that petitioner admitted that he engaged in picketing.

■ Petitioner Henry argues that he failed to report for work because of coercion due to concern that he would not be certified in retaliation for working and due to fear of danger to himself and his wife, notwithstanding that there was no picketing at his facility, no reports of violence, and no reports of threats to any of the controllers. The opinion of the MSPB, citing, inter alia, Schapansky and Johnson, supra, provides ample support for petitioner's removal.

Petitioner Houlihan makes the same argument of coercion due to concern that he would not be certified and due to fear for his own safety, although he did not receive any personal threats. The MSPB properly rejected the argument, citing, inter alia, Johnson.

■ Petitioner Oswill argues that he was coerced into being absent without leave by harassing and intimidating phone calls, although he admitted that he knew of a controller who had reported for work after having been subjected to harassment. The MSPB found that Oswill had not shown his asserted fear to have been reasonable, and we are satisfied that substantial evidence supports the board. See Johnson, supra. The board also found that Oswill deliberately took medication on August 3 and 4 of 1981 so that he would not be able to perform his duties as an air controller; that he reported for his regularly scheduled shifts on those days and was not required by his tower chief to control air traffic; that on August 5 he telephoned his facility to request sick leave, but did not contact the tower chief, who had to approve such a request; that he then went to a union meeting place where he was photographed engaging in picketing; and that he was absent without leave for his scheduled shift beginning at midnight on August 6. Such activities by an air controller with twelve years' experience could reasonably tend to diminish his credibility before the MSPB—not only with respect to his asserted harassment, but also regarding his claimed belief that he was not scheduled for the shift beginning at midnight on August 6.

Counsel for all of the petitioners, incredibly, relies upon Schapansky, supra, and Letenyei v. Department of Transportation, FAA, 735 F.2d 528 (Fed.Cir.), aff'd original decision on remand, 23 M.S.P.R. 19 (1984), aff'd, 767 F.2d 898 (Fed.Cir.1985), for the proposition that the agency is required to show proof of specific intent as an element of its prima facie case. This court stated in Schapansky that "[n]either participation in strike planning nor express agreement with others to perpetrate the strike is a necessary ingredient of proof that a particular employee participated in a strike.... [P]roof of general intent suffices. Unexplained absence during a strike of general knowledge establishes that the employee 'intended' to strike." 735 F.2d at 483. Contrary to counsel's assertion, the court's first Letenyei opinion merely described the adequacy with which the board must explain its reasons for rejecting the Presiding Official's determination that petitioner had rebutted the agency's prima facie case. Upon consideration of the merits in Letenyei, the court held that petitioner had not rebutted the agency's prima facie case.

Because the arguments of petitioners are adequately met by precedents of lead cases and/or are patently frivolous in light of the record before the court, we assess attorney fees and costs of $500 against petitioner and counsel, jointly and severally, in each of the appeals.

AFFIRMED.