Arthur P. ROCKWELL, Petitioner,

v.

DEPARTMENT OF TRANSPORTA-
TION, FEDERAL AVIATION
ADMINISTRATION, Respondent.

Appeal No. 85–1646A.

United States Court of Appeals,
Federal Circuit.

May 1, 1986.

Endicott Peabody, Nashua, N.H., argued, for petitioner.

Sandra P. Spooner, Asst. Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With her on brief, were Richard K. Willard, Acting Asst. Atty. Gen. and David M. Cohen, Director. Diane R. Liff, Office of

General Counsel, Dept. of Transp., Washington, D.C., of counsel.

Before MARKEY, Chief Judge, RICH and SMITH, Circuit Judges.

PER CURIAM.

We affirm the decision of the Merit Systems Protection Board (board), Docket No. BN075281F0668, sustaining the removal of Arthur P. Rockwell (Rockwell) from Federal Aviation Administration (Boston Air Route Control Center, Nashua, New Hampshire) for strike participation and unauthorized absence. Moreover, because Rockwell's appeal raises no issue which is not utterly frivolous, we impose a sanction.

### Issues Presented

Rockwell's principal argument is that his former representative, Richard Leighton, had a "conflict in interest" which he failed to communicate to Rockwell, and which prevented Leighton from effectively representing Rockwell at the board hearing. As a result, Rockwell says he was effectively deprived "of his property right in continued employment without due process of law in violation of the 5th Amendment of the Constitution of the United States."

### BACKGROUND

#### 1. *The 1981 Strike*

Rockwell was scheduled for annual leave from August 4, 1981 through August 28, 1981.

On Friday morning, July 31, 1981, Robert Poli (then President of the Professional Air Traffic Controllers Union, or "PATCO") announced that the Union would strike at 7:00 a.m. on Monday, August 3, 1981. On Friday afternoon, James A. Lucas (Chief of the Air Traffic Division, New England Region) declared an "operational emergency" and informed all facilities that scheduled annual leave would be cancelled as of 7:00 a.m., Monday, August 3.

Ray German (Assistant Chief, Boston Center) supervised the notification of affected controllers that their scheduled

leave had been cancelled. During the July 31 3:00–to–11:00 shift he compiled a list of controllers scheduled to take annual leave beginning August 3, 4, and 5, and directed the two team supervisors then on duty to phone or personally contact those controllers. Once a controller was notified, the team supervisor reported back to German that a cancellation of scheduled annual leave had occurred. German then placed a notation to that effect on the list at the watch desk.

On August 3, German took all documents at the watch desk evidencing the agency's notification of affected controllers and submitted them to the front office of the facility. Those documents indicated that Rockwell had been notified that his scheduled annual leave had been cancelled.

### 2. *Removal*

On August 7, the agency sent Rockwell a Letter of Proposed Removal, and told Rockwell that he could respond "within 7 calendar days after you receive this letter." In an August 17 written reply,[1] Rockwell did not contest the allegations stated in the agency charges, but said:

> There may be aspects of my case distinguishable from your charges such as, my clear understanding of the law which you allege I violated [i.e., 18 U.S.C. § 1918 and 5 U.S.C. § 7311], administrative discrepancies such as: administrative data, the confusion associated with the changes of Administration announcements of amnesty with regard to; my leave status and shift assignment, my reasonable doubt that my return to duty would be permitted, managements [sic] refusal to grant sick leave to incapacitated employees, and your improper identification of the line of communication by which I am to gain access to information.

On August 21, 1981, Lucas sent Rockwell a Letter of Decision which stated that he had "given full consideration to your written submission of August 14, 1981," but that the specifications of Lucas' Notice of Proposed Removal were supported by the evidence and warranted removal to promote the efficiency of the service. Rockwell was removed on August 27, 1981.

### 3. *Rockwell's Appeal to the Board*

On September 13, 1981 Rockwell appealed his removal to the board, designating Robert A. Belanger as his personal representative. On January 25, 1982 Rockwell executed a "Change of Designation" Form naming Richard Leighton as his personal representative. Rockwell also signed this form:

### C. HOW TO RETAIN THE FIRM

1. Fill out and sign this agreement below.
2. Print your name above "NAME OF APPELLANT," give your appeal number, sign and date the enclosed MSPB change in representation form and promptly mail to your presiding officer, if known, or to the MSPB officer where appeal is pending.
3. Make out a check for $500 to "Leighton—MSPB Fund."
4. Send this signed original MSPB Appeal Retainer agreement and that check to:

Richard J. Leighton

2033 M Street, N.W.

Suite 800

Washington, D.C. 20036

5. The firm will be in touch with you shortly thereafter.

On July 20, 1982 in a supplemental form submitted to the board, Rockwell reaffirmed his designation of Leighton as his counsel.

In an August 13, 1982 pre-hearing order, Rockwell's appeal was consolidated with those of a group of 184 other former controllers represented by Leighton.

---

1. Rockwell's written response was made by "James Fletcher," designated as "Representative of Record for Appellant."

Before the Presiding Official, Rockwell stipulated that German had notified him that an operational emergency had been declared, and that his annual leave had been cancelled. Rockwell contended, however, that no operational emergency in fact existed as of July 31, 1981, and that the agency's cancellation of leave was thus invalid.

For purposes of decision, the Presiding Official consolidated Rockwell's appeal with those of sixteen other Boston Center controllers who relied on cancellation of annual leave defenses. *See Charles H. Adams v. Department of Transportation, FAA*, 18 M.S.P.R. 214 (1983). Leighton did not call Rockwell to testify at the board hearing. Seven of the seventeen controllers, including Rockwell, admitted that they had been notified of the cancellation of their leaves. None of those seven was called to testify.

The Presiding Official rejected Rockwell's defense that no operational emergency existed:

Mr. Lucas credibly testified, and I so find, that an operational emergency existed because the agency had good cause to believe that approximately 80% of the controller work force in the New England Region would follow Mr. Poli's call for a strike if negotiations were unsuccessful.

Having rejected Rockwell's sole defense, the Presiding Official sustained the charges of absence without leave and strike participation. On November 7, 1983 the full board affirmed that decision.

### 4. *Subsequent Events*

On December 26, 1984 Leighton sent Rockwell the following letter:

In our letter of November 16, 1984, we included you among the group of controllers whose cases we were reviewing because of the possibility they had unique, factual cases [sic] that might be appealed to the Court of Appeals. However, upon further review of the record in your case, we have concluded that the issues in your case were covered by the lead case

decisions and, regrettably, we may not therefore appeal your case.

As we explained in our previous letter, the Court of Appeals has made it clear that it will not review any controller cases that involve only lead case issues and that it would impose sanctions (including fines) against anyone bringing such an appeal. On December 11, 1984, we received a notice from the Court of Appeals which requires all petitions for review to be filed on January 10, 1985, with appeal briefs to be filed 60 days later. The petitions must include a statement of the issues not covered by the lead cases. The Court's notice also included another warning that it would impose sanctions against anyone bringing an appeal that involves only the issues covered by the lead cases.

The Court will dismiss all cases in which petitions for review are not filed by January 10, 1985. Because we have concluded that your case may not be appealed, a petition for review will not be filed for you.

On January 28, 1985, however, Leighton did file an appeal (No. 85–1646) on behalf of four controllers, including Rockwell.

On April 1, 1985 Rockwell's present representative, Endicott Peabody, filed an appearance and successfully moved to sever Rockwell's appeal, thus creating this Appeal No. 85–1646A.

On April 29, 1985, Rockwell filed his brief and a Motion to Amend Petition for Review to add a "New Issue", with which he included a Motion to Adduce Additional Evidence.

In his Motion to Amend, Rockwell stated the "new issue" as:

Whether the petitioner's representatives and attorneys in the consolidated proceedings ... were divided in their loyalties so that they were unable properly to represent [Rockwell] ... raising the further question of whether the petitioner has been deprived of his right of counsel and his property rights in his continued employment without due process of law.

In his Motion to Adduce Additional Evidence, Rockwell said that evidence would establish that he was denied reasonable notice of the cancellation of his leave, and that he was further denied a thirty-day period to reply to the agency's Notice of Proposed Removal.

On May 15, 1985 the Government opposed Rockwell's Motion to Adduce Additional Evidence, but did not oppose the Motion to Amend. On May 28, Rockwell filed a Motion to Withdraw Motion to Adduce Additional Evidence. Concurring with the withdrawal, on June 10, 1985 the Government stated its understanding that Rockwell "is abandoning his claim that this Court should consider evidence not previously adduced in the [board] proceedings."

On June 12, the court granted Rockwell's Motions to Amend. On the same day, it also granted Rockwell's Motion to Withdraw his Motion to Adduce Additional Evidence.

Having obtained a grant of his Motion to Withdraw his Motion to Adduce Additional Evidence, Rockwell did not move to amend his brief to delete the many non-record references. On March 3, 1986, minutes before oral argument, Rockwell's counsel orally notified government counsel and filed a Motion for Leave to Adduce Additional Evidence As Already Included in His Appendix. The government filed a post-argument response.

## OPINION

Rockwell's brief asserts:

On April 1, 1985 Rockwell retained present counsel who has determined that Rockwell had a much stronger basis for appealing his removal, based on evidence available but not presented at his hearing below. He further determined the cancellation of his leave was invalid, but not because of the time when it was cancelled, but because of the defective way Rockwell's superiors attempted to cancel it. The failure of Rockwell's former counsel to present this defense must be attributed to a conflict of interests of the other controllers and Rockwell. His

present attorney has moved to amend the petition for review to the Court to add the issues of conflict of interest, deprivation of counsel, and deprivation of his property rights without due process of law which would require reversal, remand, and reopening of this case.

### 1. *Motion for Leave to Adduce Additional Evidence*

Rockwell admits that "[w]ere [his] case for relief dependent solely on the record currently available before this Court, he would have little basis for appeal." He would, in fact, have none.

Rockwell included in his appendix a 5-page affidavit styled "28 USC 1746 [i.e., 'Unsworn declarations under penalty of perjury'] Declaration of Arthur P. Rockwell". Rockwell's brief contains 25 references to that affidavit, upon the allegations of which the substance of the brief depends.

At oral argument, Rockwell attempted to justify his use of non-record evidence as an application for remand to the board with instructions to reopen the record. In his brief, Rockwell argued for reversal, citing 28 U.S.C. § 2347(c), 28 U.S.C. § 2106, *James v. Federal Energy Regulatory Commission,* 755 F.2d 154 (Fed.Cir.1985), *Meglio v. Merit Systems Protection Board,* 758 F.2d 1576 (Fed.Cir.1985), and *Lizut v. Department of the Army,* 717 F.2d 1391 (Fed.Cir.1983).

We perceive no basis in fact, law, or logic for Rockwell's attempt to inject the non-record evidence he cites on this appeal.

■ The sections of Title 28 relied on in Rockwell's brief are utterly inapposite. 28 U.S.C. § 2347(c) ("leave to adduce additional evidence") applies to judicial review of agency orders "reviewable under this chapter," i.e. Chapter 158. The Merit Systems Protection Board is not an "agency" for purposes of Chapter 158, *see* 28 U.S.C.

§ 2341(3), nor is the board's final decision an order "reviewable under" Chapter 158.[2]

■ Reliance on 28 U.S.C. § 2106 is equally misplaced. Nothing submitted by Rockwell on this appeal would warrant remand to the board. Nothing in those submissions could possibly lead to a different result before the board in view of his stipulated receipt of notice of the cancellation of leave, *see Letenyei v. Department of Transportation, FAA,* 735 F.2d 528 (Fed. Cir.1984), and in view of the propriety of the agency's providing less than a 30-day reply period, *see Adams v. Department of Transportation, FAA,* 735 F.2d 488, 490 & n. 3 (Fed.Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984). Rockwell's attempt to undermine his stipulation on the ground that the notice of cancellation was "defective", i.e., because the team supervisor who notified Rockwell allegedly did not give a reason for the cancellation, is disingenuous.

■ Rockwell's citation of *criminal* cases in respect of his assertion that a constitutional issue (i.e., ineffective assistance of counsel) may be raised, de novo, on appeal, i.e. *Woods v. Georgia,* 450 U.S. 261, 264–65, 101 S.Ct. 1097, 1099–1100, 67 L.Ed.2d 220, and *Brien v. United States,* 695 F.2d 10 (1st Cir.1982), is inapposite in this noncriminal case.

■ Rockwell's attempt to invoke and distinguish Federal Circuit precedents in seeking a reversal is equally unavailing. Our precedent clearly establishes the impropriety of seeking a reversal of the board's decision on the basis of assertions never presented to the presiding official or to the board. *See Allred v. Department of Health and Human Services,* 786 F.2d 1128, 1130 (Fed.Cir.1986).

If there had been a legal basis for or merit in Rockwell's assertions, he had available the civil service regulations that provide for consideration of "new and material evidence" in the first instance before the board. 5 CFR § 1201.115.[3] Congress expressly limited our appellate review, 5 U.S.C. § 7703(c), to final orders and decisions of the board on the *record.*

We deny Rockwell's Motion for Leave to Adduce Additional Evidence, and his request for remand to the board.

### 2. *Conflict of Interest/Ineffective Assistance of Counsel*

■ Rockwell's Motion to Amend having been granted, his principal argument posits a conflict of interest between Rockwell and his former counsel, Leighton. On that alleged conflict, Rockwell founds his assertion that Leighton's assistance was ineffective. Rockwell presumes that Leighton's representation in consolidated appeals of numerous petitioners was necessarily ineffective because there is, says Rockwell, a conflict between the "facts" of Rockwell's case and those involved in a "blanket defense" that Rockwell believes Leighton planned for the mass of the controllers represented by Leighton. Rockwell's "conflict" assertions are purely conjectural.

Rockwell's assertion with respect to ineffective assistance of counsel is frivolous. In *Bowen v. Department of Transportation, FAA,* 769 F.2d 753 (Fed.Cir.1985), this court conclusively rejected that assertion:

> The statute, 5 U.S.C. § 7513(b)(3) (1985), provides that an employee facing an adverse action is entitled to "be represented by an attorney or other representative." There is no statutory or regulatory requirement that representation be "effective". On the contrary, the Supreme Court has stated that a petitioner who has voluntarily selected an attorney to represent him in a civil action, "cannot ... avoid the consequences of the acts or omissions of this freely selected agent." *See Link v. Wabash Railroad Co.,* 370

---

**2.** *Garcia v. Boldin,* 691 F.2d 1172 (5th Cir.1982), and *de Mendoza v. Immigration & Naturalization Service,* 567 F.2d 1222 (3d Cir.1977), argued in Rockwell's brief and at oral argument, were brought under Chapter 158.

**3.** The Board has discretion to extend the 35 day time limit for filing a petition for good cause shown. 5 CFR § 1201.114(d). Appeal from a refusal to extend may be taken to this court.

U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962).... 769 F.2d at 755.

### 3. *Consolidation*

 Rockwell's argument that the board has a duty to avoid any conflict of interest that might occur as a result of a consolidation is equally meritless. Rockwell did not object before the board to consolidation. In *Moylan v. Department of Transportation, FAA,* 735 F.2d 524 (Fed.Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984), this court held that failure to object constituted waiver of any challenge on appeal to consolidation. Acceptance of Rockwell's assertion that he did not approve Leighton's failure to object would open the door to attacks on every consolidation. The board is not prescient. The board will not consolidate in the face of an obvious or apparent conflict, 5 U.S.C. § 7701(f), but, absent an objection, it owes no duty to foretell every possible allegation of a conflict of interest of which a petitioner may conceive on appeal to this court.

In *Trick v. Federal Aviation Administration,* 8 MSPB 618, 9 M.S.P.R. 291 (1981), petitioner had moved for consolidation of the entire class of 10,886 former air traffic controllers. Numerous controllers timely objected, and the board sustained those objections. Rockwell's reliance on *Trick* is therefore inapt.

Rockwell having shown no support for his assertion of denial of due process, his reliance on *Cleveland Board of Education v. Loudermill,* —— U.S. ——, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) is meritless.

### 4. *Frivolous Appeal*

 Rockwell's brief ignores, misconstrues, or distorts the applicable statutes and case law and repeats arguments conclusively rejected in earlier decisions of this court.

Counsel was repeatedly supplied with a basis for determining whether maintenance of this appeal would be frivolous. Copies of this court's decisions in air traffic controller appeals, including decisions imposing sanctions, were sent by the clerk of this court to Peabody on July 12, 1985,[4] July 31, 1985,[5] and August 30, 1985.[6] Moreover, in an August 1985 Notice to Counsel, the clerk again drew attention to the impropriety of prosecuting frivolous appeals. Counsel had available Leighton's letter to Rockwell, *supra,* indicating the impropriety of an appeal in Rockwell's case. We hold the appeal frivolous and impose a sanction on Rockwell's counsel, Endicott Peabody, who shall pay $200.00 to the government within 30 days of the issuance of this opinion. *See* Fed.R.App.P. 38; *Bowen v. Department of Transportation, FAA,* 769 F.2d at 756 & n. 4. Counsel shall notify the Clerk of this court when payment has been made.

**AFFIRMED; SANCTION IMPOSED.**

4. *Cecil v. Department of Transportation, FAA,* 767 F.2d 892 (Fed.Cir.1985); *Kump v. Department of Transportation, FAA,* 767 F.2d 889 (Fed. Cir.1985).

5. *Klein v. Department of Transportation, FAA,* 768 F.2d 336 (Fed.Cir.1985); *Bowen v. Department of Transportation, FAA,* 769 F.2d 753 (Fed. Cir.1985); *Robinson v. Department of Transpor-* tation, FAA, 769 F.2d 1556 (Fed.Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1375, 89 L.Ed.2d 601 (1986).

6. *Triola v. Department of Transportation, FAA,* 769 F.2d 760 (Fed.Cir.1985); *Russell v. Department of Transportation, FAA,* 771 F.2d 493 (Fed. Cir.1985).