845 F.2d 1033
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John DiCESARE, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3411.
 United States Court of Appeals, Federal Circuit.
 Feb. 10, 1988.
 
 Before BISSELL, Circuit Judge, NICHOLS, Senior Circuit Judge, and ARCHER, Circuit Judge.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board, Docket No. CH07528710198, affirming petitioner's removal is affirmed.
 
 OPINION
 
 2
 In his brief before this court, DiCesare raises only a single issue--whether his Fifth Amendment due process rights have been violated because of the "utter imcompetence" of his union representative at the hearing before the Board.
 
 
 3
 The record in this case reflects that after the hearing before the Board, but prior to issuance of the administrative judge's decision, DiCesare, pro se, moved for a rehearing of his case because he had received "inferior representation" at the initial hearing. The administrative judge denied the motion stating that DiCesare was provided due process at the initial hearing, a full record had been developed on which a fair decision could be rendered, and no good cause for granting the rehearing motion had been shown.
 
 
 4
 This appeal is frivolous. In Bowen v. Department of Transportation, 769 F.2d 753 (Fed.Cir.1985), we stated:
 
 
 5
 The statute, 5 U.S.C. Sec. 7513(b)(3) (1985), provides that an employee facing an adverse action is entitled "to be represented by an attorney or other representative." There is no statutory or regulatory requirement that representation be "effective." On the contrary, the Supreme Court has stated that a petitioner who has voluntarily selected an attorney to represent him in a civil action, "cannot ... avoid the consequences of the acts or omissions of this freely selected agent."
 
 
 6
 Id. at 755; accord Rockwell v. Department of Transportation, 789 F.2d 908, 913 (Fed.Cir.1986) (petitioner's "assertion with respect to ineffective assistance of counsel is frivolous"); see also, Lassiter v. Department of Social Services, 452 U.S. 18, 26 (1980) (generally, right to appointed counsel exists only if litigant may lose his personal liberty if he loses the litigation). DiCesare's brief fails to cite, much less discuss, either Bowen or Rockwell, and cites no cases of this court or the Supreme Court in support of his position.
 
 
 7
 Even in loss of personal liberty cases, a defendant must show "actual and substantial disadvantage" before obtaining a new trial. Washington v. Strickland, 693 F.2d 1243, 1262 (5th Cir.1982). Here, DiCesare's brief is totally inadequate, as it contains only general assertions of the ineffectiveness of his representative, without identifying a single action that his representative should have but failed to take.
 
 
 8
 The administrative judge considered DiCesare's request for a new hearing and concluded that a full record had been established and that a fair decision could be rendered based on that record. There is nothing in DiCesare's brief or in the record before this court to support a contrary conclusion.
 
 
 9
 Although the government has requested that sanctions be imposed for this frivolous appeal, we decline to do so. The attorney who filed the brief in this appeal no longer represents DiCesare. The court, therefore, will not impose additional penalties on the petitioner for the actions of his former representative.