923 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mary MASSEY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3440.
 United States Court of Appeals, Federal Circuit.
 Dec. 12, 1990.
 
 MSPB
 AFFIRMED.
 Before RICH, PLAGER and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 DECISION
 
 1
 Mary Massey appeals the final decision of the Merit Systems Protection Board (Board) dismissing as untimely filed her petition for review of an Office of Personnel Management (OPM) decision disallowing her claim for survivor annuity benefits. We affirm.
 
 OPINION
 
 2
 Following the death of her husband, Mrs. Massey filed an application for death benefits with OPM, citing Paul Massey's status as an unmarried dependent child incapable of self-support. In its initial decision, OPM disallowed the annuity sought by Mrs. Massey because the evidence did not show that Paul Massey incurred his physical disability before age 18, as is required under 5 U.S.C. Sec. 8341(a)(4)(B) (1988). OPM issued its reconsideration decision on February 22, 1989, which affirmed the initial decision without setting an effective date. Eight months later, by petition filed on November 22, 1989, Mrs. Massey appealed to the MSPB from OPM's reconsideration decision.
 
 
 3
 In an initial decision, the Administrative Law Judge (AJ) dismissed Mrs. Massey's petition for review as untimely filed, on the grounds that an appeal from a reconsideration decision that does not set an effective date must be filed within 25 days of the date of the issuance of that decision. 5 C.F.R. Sec. 1201.22(b) (1990). Mrs. Massey claimed in her appeal that she never received the reconsideration decision, but as noted by the AJ, a copy of that decision was enclosed with her appeal. The AJ ordered Mrs. Massey to submit evidence or argument showing that her appeal was timely filed or that good cause existed for the delay. No response was received from Mrs. Massey.
 
 
 4
 Thereafter, Mrs. Massey petitioned the full Board for review of the initial decision. The Board denied the petition for failure to satisfy the criteria for review set forth at 5 C.F.R. Sec. 1201.115 (1990). Before reaching its conclusion, the Board considered submissions by Mrs. Massey that were attached to her petition for review but apparently were never received by the AJ. In these submissions, Mrs. Massey claimed that the main reason for the delay was her unavailability at her address of record due to a train accident that occurred on January 5, 1990. The Board concluded that Mrs. Massey had failed to establish good cause for her untimely filing. The Board's action made final the initial decision of the AJ, and this appeal followed.
 
 
 5
 Board decisions must be sustained unless they are arbitrary, capricious, an abuse of discretion, obtained without proper procedures, unsupported by substantial evidence, or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1988). Under this standard, we find no basis for disturbing the Board's final decision.
 
 
 6
 Mrs. Massey argues for the first time in her informal brief to this Court that she is blind and that her delay in filing was the result of the poor mail service in Pakistan and her need to have the papers translated into her own language. We are prevented from considering these additional facts because Mrs. Massey never presented them to the Board. Oshiver v. OPM, 896 F.2d 540, 542 (Fed.Cir.1990) (refusing to consider new evidence that was not presented to the Board); Rockwell v. Department of Transp., F.A.A., 789 F.2d 908, 913 (Fed.Cir.1986) (explaining that Congress limited this Court's appellate review "to final orders and decisions of the board on the record"); Yuni v. MSPB, 784 F.2d 381, 387 (Fed.Cir.1986) (refusing to consider factual evidence presented for first time in briefs to this Court and limiting the test for sufficiency of evidence to the facts of record). However, we note that the facts of record, provided by Mrs. Massey, establish that her son became disabled at the age of 31. Therefore, even if Mrs. Massey had sustained her burden of proving good cause for her eight month delay in filing, she would not be entitled to the annuity sought.
 
 
 7
 Accordingly, the decision of the Board is affirmed.