70 F.3d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas E. BECK, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 95-3473.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1995.
 
 Before PLAGER, Circuit Judge, SCHALL, Circuit Judge, and SMITH, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Thomas E. Beck, Jr. ("Petitioner") appeals the decision of the Merit Systems Protection Board ("Board"), sustaining his removal by the Department of Justice's Bureau of Prisons ("agency") from his position as Correctional Treatment Specialist.[1] The agency removed Petitioner for "unacceptable conduct," asserting that, while serving as the president of his local union, Petitioner had (1) without proper authorization, taken several thousands of dollars from the union treasury for his personal use and for loans to third parties; (2) intentionally filed, in 1989 and 1990, inaccurate versions of reports required from the union by the Department of Labor, in order to conceal the unauthorized disbursements; and (3) falsified the local union treasurer's signature on these reports.
 
 
 2
 Petitioner admitted to this conduct in a signed statement that he provided to two Labor Department investigators prior to his removal. In that document Petitioner stated that "[n]o threats or promises of any kind have been made to induce [Petitioner] to make this statement." Following his removal by the agency, Petitioner appealed to the Board, which affirmed his removal.
 
 
 3
 The Administrative Judge (AJ) found that the agency had proven its charge by preponderant and undisputed evidence, primarily Petitioner's signed admission, and further found that the agency had established the required nexus between Petitioner's conduct and a decrease in the efficiency of the service.
 
 
 4
 Emphasizing that Petitioner, as a law enforcement official, was subject to a higher standard of conduct than other employees, the AJ found that Petitioner had taken a substantial amount of union funds without authorization over a lengthy period of time, for his own and others' personal enrichment, and had attempted through fraud and deceit to conceal these acts. The AJ found that this behavior bore directly on his trustworthiness and veracity, and that partial repayment of the third-party loans, and Petitioner's willingness, after investigation into his activities had begun, to make restitution, did not mitigate the seriousness of the acts enough to warrant reduction of the penalty.
 
 
 5
 In reviewing the Initial Decision,[2] the full Board rejected Petitioner's argument that the Labor Department investigators "circumvented Miranda [v. Arizona, 384 U.S. 436 (1966) ]," allegedly by obtaining his signed confession without warning him of his Fifth Amendment privilege against self-incrimination at the outset of the interview. Citing Tannehill v. Department of the Air Force, 58 M.S.P.R. 219, 222 (1993), and Connett v. Dep't of the Navy, 31 M.S.P.R. 322, 327 (1986), aff'd, 824 F.2d 978 (Fed.Cir.1987) (Table), the Board found that Petitioner had not proven that he had given his written admission in a custodial setting and was therefore entitled to any Miranda warning. The Board also found that the admission, which states that no threats or promises had been made to induce the statement, belied Petitioner's assertion that the investigators had obtained the statement through "questionable methods." Finally, the Board found that the statement was sufficient and reliable proof that his activities were "unauthorized," given that Petitioner had not submitted any evidence to rebut the statement in this regard.
 
 
 6
 On appeal to this court, Petitioner renews his challenge to the use of his written admission in removing him. He asserts that had he been given a Miranda warning he would not have made the statement; that the statement was obtained through unspecified "questionable methods"; and that Petitioner was told that the statement related to "union matters" and would not be used by another entity.
 
 
 7
 Petitioner has provided no facts or argument, either before the Board or this court, to support these bare assertions. The only record evidence before the court, supplied by the Government, includes a copy of Petitioner's signed statement, which clearly states that no promises, such as a promise not to use the statement for other than "union matters," were made to induce Petitioner's admission. Petitioner nevertheless asserts that this statement was obtained in violation of Miranda v. Arizona. Even assuming that Miranda warnings have some applicability to civil removal actions, rather than to criminal proceedings only, there is nothing in the record and Petitioner has offered no evidence to suggest that his interview with the Labor Department investigators occurred in circumstances requiring a Miranda warning. See Oregon v. Mathiason, 429 U.S. 492, 495 (1977) ("Miranda warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody'."); Beckwith v. United States, 425 U.S. 341, 347-48 (1976) (questioning of person suspected of tax fraud did not take place in custodial or inherently coercive setting and therefore did not require Miranda warnings); DiMasso v. Dep't of Transportation, 735 F.2d 526, 528 (Fed.Cir.1984) (opportunity to respond to notice of proposed removal "did not reach the level of a custodial interrogation").
 
 
 8
 Petitioner bears the burden of proving that the Board's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). His unsupported assertions fail that test.
 
 
 9
 Petitioner also asserts, without elaboration or supporting evidence, that the Board erred in relying on his statement because he was not afforded union representation during the interview with the Labor Department investigators. Even assuming that might be grounds for error, nothing in the record or in the Initial and Final Decisions of the Board indicate that Petitioner raised this issue below, and we will not consider it here for the first time. See Rockwell v. Dep't of Transportation, 789 F.2d 908, 913 (Fed.Cir.1986).
 
 
 10
 Petitioner's other assertions of error are likewise wholly unsupported and without merit. We therefore affirm the decision of the Board.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Docket No. CH-0752-94-0457-I-2 (March 30, 1995)
 
 
 [2]
 The full Board granted Petitioner's Petition for Review and affirmed the AJ's Initial Decision with one minor modification. The Board found that there was no evidence to support the AJ's finding that Petitioner's conduct occurred on agency premises and during working hours. Nevertheless, the Board found that "deceitfulness lies at the heart of [Petitioner's] misconduct" and therefore Petitioner's behavior had destroyed his credibility and trustworthiness on the job