Samuel MAISONET, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 02–3138.

United States Court of Appeals,
Federal Circuit.

Sept. 5, 2002.

Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

## DECISION

PER CURIAM.

Samuel Maisonet appeals from the decision of the Merit Systems Protection Board affirming a reconsideration decision of the Office of Personnel Management ("OPM") holding that he failed to meet the burden of proof necessary to establish his eligibility for disability benefits under the Civil Service Retirement System ("CSRS"). *Maisonet v. Office of Pers. Mgmt.*, No. AT–831E–01–0776–I–1 (MSPB Nov. 27, 2001). Because the Board did not err in affirming the OPM's decision, we *affirm.*

## DISCUSSION

Mr. Maisonet was employed by the United States Postal Service as a Mail Handler until March 28, 2001. *Id.* at 2. Maisonet applied for disability retirement benefits under the CSRS on April 15, 2000, claiming that he was unable to perform the duties of his position due to post-traumatic stress disorder ("PTSD"), depression, fatigue, high blood pressure, and hypertension. *Id.* Finding that Maisonet had failed to establish the existence of a disabling medical condition, the OPM denied his application for disability retirement benefits in an initial decision dated November 15, 2000. *Id.*

Maisonet subsequently requested reconsideration of the OPM's denial of benefits, and thereafter submitted evidence of his having been hospitalized on two occasions in 2000 for alcohol abuse and once in January 2001 for PTSD. *Id.* He also submitted evidence of his having been removed from his position on March 28, 2001 as a result of allegedly unauthorized absences in violation of a "last chance agreement." *Id.* In a decision dated May 22, 2001, the OPM affirmed its earlier determination, finding again that Maisonet had not established either that he suffered from a disabling medical condition or that he otherwise met the criteria for disability retirement benefits. *Id.* at 3.

Maisonet then appealed to the Merit Systems Protection Board. After holding an evidentiary hearing, the Administrative Judge on November 27, 2001 affirmed the OPM's May 22, 2001 decision. *Id.* at 1. Maisonet did not appeal to the full Board, and the Administrative Judge's decision became the Board's final decision. *Wood v. MSPB*, 938 F.2d 1280 (Fed.Cir.1991); *see* 5 C.F.R. § 1201.113. Maisonet timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2002).

The scope of our review in an appeal from a decision of the Board is limited. First, the scope of our appellate review is limited by Congress under 5 U.S.C. § 7703(c) "to final orders and decisions of the Board on the *record.*" *Rockwell v. Dep't of Transp., Fed. Aviation Admin.,* 789 F.2d 908, 913 (Fed.Cir.1986). Secondly, Congress expressly established limitations upon our jurisdiction to review Board decisions regarding the OPM's CSRS disability determinations:

> The Office shall determine questions of disability and dependency arising under this subchapter. Except to the extent provided under subsection (d) of this section, the decisions of the Office concerning these matters are final and conclusive and are not subject to review.

5 U.S.C. § 8347(c) (2002). The Supreme Court has interpreted that provision as a limit on our scope of review in disability retirement cases by precluding any judicial review of the factual underpinnings of the OPM's decision. *Lindahl v. Office of Pers. Mgmt.,* 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). Judicial review of CSRS disability determinations is limited to considering whether "there has been substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Id.* (quoting *Scroggins v. United States,* 184 Ct.Cl. 530, 397 F.2d 295, 297 (Ct.Cl.1968)).

■ On appeal, Maisonet apparently wishes to introduce new facts into the record, in the form of a Rating Decision from the Department of Veterans Affairs ("DVA") that reports an increase in his disability rating. Because this evidence was not presented to the Board for consideration, we cannot now take it into account. *See Oshiver v. Office of Pers. Mgmt.,* 896 F.2d 540, 542 (Fed.Cir.1990); *Rockwell,* 789 F.2d at 913.

■ Apart from the DVA's Rating Decision, Maisonet argues that the Board knew about his disability compensation for PTSD and diabetes mellitus 2, but "did not go through the entire file of the record" and "never believed" in his health condition. These are purely factual issues, which we are precluded from reviewing. Maisonet did not demonstrate, or even allege, in his appeal brief any departure from his procedural rights, misconstruction of the governing legislation, or any other error in administrative process by the Board. Accordingly, there is no basis on which we can reverse the Board's decision. *Lindahl,* 470 U.S. at 701.

We have considered Maisonet's remaining arguments and find them unconvincing.

Because we find in the Board's affirmance of the OPM's reconsideration decision no departure from Maisonet's procedural rights, misconstruction of the governing legislation, or any other error in administrative process, we affirm.