NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3083

NANCY LOPEZ,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  May 5, 2006

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN, and RADER, <u>Circuit Judges</u>.

RADER, <u>Circuit Judge</u>.

The Merit Systems Protection Board (Board) dismissed appellant Nancy Lopez' appeal of her removal from employment as untimely filed.  Because the Board's decision is in accordance with the law and supported by substantial evidence, this court <u>affirms</u>.

Ms. Lopez was employed as an Investigative Assistant for the U. S. Immigration and Customs Enforcement (ICE) of the Department of Homeland Security (Department).  The Department removed Ms. Lopez from her position on June 18, 2004, due to seven charges of misconduct filed against her by the ICE, which arose out of, <u>inter alia</u>, her solicitation and sale of counterfeit merchandise, misuse of Government

property, alteration of official Government documents, and unauthorized use of the Treasury Enforcement Communications System.

Ms. Lopez' supervisor hand-delivered the notice of removal to Ms. Lopez' home on June 18, 2004. Ms. Lopez admits she received the removal decision on June 18, 2004. The removal decision notified Ms. Lopez of the thirty-day deadline and the date on which the deadline began to count. Though the deadline to file her appeal of the removal decision was July 19, 2004, Ms. Lopez did not file her appeal until March 7, 2005, which was 231 days past the deadline. The administrative judge requested Ms. Lopez to show cause for the delay. In response, Ms. Lopez claimed she did not timely file her appeal because she underwent a hysterectomy. She submitted medical records, but these records showed that Ms. Lopez was admitted to the hospital on June 15, 2004, and discharged on June 18, 2004, the day the removal decision was hand-delivered to her in her home. She submitted evidence of narcotic medication she took for pain resulting from her surgery, and evidence of a September 2003 diagnosis of an impulse control disorder and depression, but the narcotic medication was only for eighteen tablets to be taken every 4-6 hours, and she worked after her impulse control disorder and depression diagnosis. The administrative judge found Ms. Lopez did not meet her burden of proof to show good cause for her delay.

In her appeal she merely asks this court to "review again," and presents new evidence and arguments to this court, in the form of witness statements regarding her emotional condition during the seizure of her luggage, and her apprehension and interrogation by customs officials at the Aguadilla Airport in 2003. She submitted

additional medical evidence that seems to tie her alleged diagnosis of "severe depression" to the 2003 Aguadilla Airport incident.

This court cannot review new evidence. "Our precedent clearly establishes the impropriety of seeking a reversal of the [B]oard's decision on the basis of assertions never presented to the presiding official or to the [B]oard." Rockwell v. Dep't of Transp., 789 F.2d 908, 913 (Fed. Cir. 1986) (explaining that Congress limited this court's appellate review "to final orders and decisions of the Board on the record"); see Oshiver v. Office of Pers. Mgmt., 896 F.2d 540, 542 (Fed. Cir. 1990) (holding that this court will not consider new evidence that was not presented to the Board).

This court will not set aside a decision of the Board unless it finds the decision to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Walls v. Merit Systems Protection Board, 29 F.3d 1578, 1581 (Fed. Cir. 1994).

An appeal must be filed no later than thirty calendar days after the effective date of the action being appealed or thirty days after the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b) (2005). If the appellant does not submit an appeal within the regulatory time limit, the appeal will be dismissed as untimely filed unless the appellant shows a good cause reason for the delay. 5 C.F.R. § 1201.22(c) (2005). To establish good cause for an untimely filing of an appeal, the following factors are to be considered:

> The length of delay; whether the appellant was notified of the time limit or otherwise aware of it; the existence of circumstances beyond the control of the appellant that affected his or her ability to comply with the time limits; the degree to which negligence by the appellant has been shown to

be present or absent; circumstances that show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of prejudice to the agency that would result from waiver of the time limit.

Walls, 29 F.3d at 1582. The Board has the discretion to determine whether an appellant has demonstrated good cause for an untimely filing. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (en banc); Sledge v. Department of Justice, 44 M.S.P.R. 455, 459 (1990), aff'd, 923 F.2d 870 (Fed. Cir. 1990) (Table), cert. denied, 502 U.S. 1099 (1992). The Board properly considered and applied the Walls factors.

The Board's conclusion that Ms. Lopez did not show how her alleged illness prevented her from timely filing her appeal or a request for extension of time is supported by substantial evidence; is not arbitrary, capricious, an abuse of discretion; and is in accordance with the law. As a result, this court affirms the Board's decision.