NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3245

JOHN E. COLVELL, JR.,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

John E. Colvell, Jr., of Roy, Utah, pro se.

J. Reid Prouty, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3245

JOHN E. COLVELL, JR.,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED: November 7, 2007

_____

Before MICHEL, Chief Judge, RADER and MOORE, Circuit Judges.

PER CURIAM.

Petitioner John E. Colvell, Jr., proceeding pro se, petitions for review of the final decision of the Merit Systems Protection Board sustaining Mr. Colvell's removal from his position as an Aircraft Mechanic for medical disability reasons and finding that Mr. Colvell failed to meet his burden of proof on his affirmative defenses of unlawful discrimination based upon age and disability.[1]  We affirm.

---

[1]   Colvell v. Dep't of the Air Force, Docket No. DE0752070036-I-1 (M.S.P.B. Feb. 16, 2007).

2007-3245

BACKGROUND

Mr. Colvell worked as an Aircraft Mechanic at Hill Air Force Base near Salt Lake City, Utah since September 5, 1982.  Mr. Colvell injured his knee during military training prior to his civilian employment by the Air Force, and his problems with his knee worsened during his civilian service.  On or about September 1, 2005, Daniel Myers, Mr. Colvell's immediate supervisor, ordered a fitness for duty examination.  Colonel (Dr.) Chris Kleinsmith of the Occupational Services Unit at Hill AFB performed an initial examination of Mr. Colvell on September 28, 2005 and follow-up examinations on October 19, 2005 and November 27, 2005.  Colonel Kleinsmith diagnosed Mr. Colvell as suffering severe osteoarthritis and issued permanent work restrictions following the November 27, 2005 examination.  As a result of his medical restrictions, Mr. Colvell was placed on indefinite leave on December 20, 2005.

After not being able to find a substitute position for Mr. Colvell, the agency issued a proposal to remove the petitioner for physical inability to perform the duties of his position on August 29, 2006.  In responding to the proposal, Mr. Colvell contended that his medical condition had not changed in four years and that the agency should continue to accommodate his condition.  On September 29, 2006, the Air Force issued a decision letter removing the petitioner effective September 30, 2006.

Mr. Colvell filed an appeal with the Merit Systems Protection Board alleging that the agency wrongfully removed him and that he was subject to discrimination based on age and disability.  The administrative judge found the Air Force had proven by preponderant evidence that Mr. Colvell was medically unable to perform the duties of his position. Colvell v. Dep't of the Air Force, Docket No. DE0752070036-I-1, slip op. at

7 (M.S.P.B. Feb. 16, 2007). Further, the administrative judge found that Mr. Colvell had failed to prove his affirmative defenses of discrimination. This appeal followed.

## DISCUSSION

We review the decision of the Board to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. See 5 U.S.C. § 7703(c); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

On appeal, Mr. Colvell makes, in essence, two arguments: (1) his medical disability was exaggerated; and (2) his separation was actually a result of personal animus from Mr. Myers, his immediate supervisor. As to the argument that his medical disability was exaggerated, Mr. Colvell specifically argues the Board failed to consider that he was doing the job, his evaluations were high, Colonel Kleinsmith's limitations upon his physical activities were too severe, and that his disability could have been accommodated.

First, the administrative judge explicitly considered Mr. Colvell's good evaluations and the fact his supervisor, Mr. Myers, considered him to be an outstanding employee. Colvell v. Dep't of the Air Force, Docket No. DE0752070036-I-1, slip op. at 6 (M.S.P.B. Feb. 16, 2007). Second, there is no medical evidence to suggest that Colonel Kleinsmith's limitations upon Mr. Colvell's activities were too severe.[2] Further, the administrative judge discussed other evidence beyond that provided by Colonel Kleinsmith to support the ruling. For example, the administrative judge noted that for

---

[2] Mr. Colvell filed no pre or post-hearing submissions to the Board.

two years prior to his removal, Mr. Colvell missed one day of work each week—Mr. Colvell stayed home every Wednesday to rest his leg. Id. at 5. The administrative judge also considered whether Mr. Colvell could perform all his duties despite his leg problem. The administrative judge found that Mr. Colvell could not and this finding is supported by substantial evidence. The administrative judge also noted that Mr. Colvell himself admitted that he could not perform all the duties of his position. Id. at 6. Finally, the administrative judge recognized that while the Air Force may have tolerated Mr. Colvell's continuation in his job for many years, despite his inability to perform his full duties, the Air Force was not required to do so indefinitely. See McFadden v. Dep't of Defense, 85 M.S.P.R. 18, 25 (1999); Trammell v. Dep't of Veterans Affairs, 60 M.S.P.R. 79, 87 (1983) (ability to perform light duties irrelevant to charge of inability to perform essential job duties).

Mr. Colvell's second argument, that his separation was a result of personal animus with Mr. Myers, was never before the Board. It is well established that failure to raise an argument there ordinarily precludes its being raised upon appeal. Rockwell v. Dep't of Transp., 789 F.2d 908, 913 (Fed. Cir. 1986). Mr. Colvell filed no pre or post-hearing submissions to the Board, and neither his appeal to the Board, nor his response to interrogatories alleged any such animus from Mr. Myers. In any event, we note that substantial evidence on the record undercuts Mr. Colvell's allegation that Mr. Myers' animus led to his removal: Mr. Colvell's receipt of good evaluations and Mr. Myers having considered him to be an outstanding employee. Therefore, even if we entertain this argument, we would have to affirm the administrative judge's findings as supported by substantial evidence.

For the foregoing reason, the decision of the Board is affirmed.