NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3072

WILLIAM B. GROSECLOSE,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

William B. Groseclose, of San Luis Rey, California, pro se.

Jane C. Dempsey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3072

WILLIAM B. GROSECLOSE,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Petition for review of the Merit Systems Protection Board in SF1221060368-W-1

_____

DECIDED: May 13, 2008

_____

Before MICHEL, <u>Chief Judge</u>, PROST, <u>Circuit Judge</u>, and HOCHBERG, <u>District Judge</u>.[*]

PER CURIAM.

Mr. William B. Groseclose appeals the final decision of the Merit System Protection Board ("Board" or "MSPB") denying his petition for review of the initial decision of the administrative judge denying his request for corrective action. <u>Groseclose v. Dep't of the Navy</u>, No. SF1221060368-W-1 (M.S.P.B. Sept. 19, 2007). We <u>affirm</u>.

---

[*] Honorable Faith S. Hochberg, District Judge, United States District Court for the District of New Jersey, sitting by designation.

BACKGROUND

Mr. Groseclose is employed as a Supervisory Engineer at the Naval Surface Warfare Center ("NSWC"), Port Hueneme Division, Land & Sea Test & Evaluation Department, Integrated Combat Systems Test Division ("ICSTD"), Test Bed Engineering Branch, San Diego, California, also known as the Point Loma site. He has been employed by the Navy since February 9, 2003.

While employed by the Navy, Mr. Groseclose made a disclosure to the Inspector General and other government officials alleging that Donna Bedford, Mr. Groseclose's supervisor at the time, participated in unlawful contracting activities that resulted in the mismanagement of funds, waste, and an abuse of authority. Thereafter, Mr. Groseclose submitted a complaint to the Office of Special Counsel ("OSC") dated October 14, 2004, alleging that several agency actions were taken in reprisal for his whistleblowing. His OSC investigative file was closed after he filed an Individual Right of Action ("IRA") appeal on February 20, 2006, requesting corrective action relating to his whistleblowing activities. On April 5, 2007, an initial decision by the administrative judge denied Mr. Groseclose's request for corrective action because he failed to show that the actions he cited were taken in retaliation for his whistleblowing. Groseclose v. Dep't of the Navy, No. SF1221060368-W-1 (M.S.P.B. Apr. 5, 2007). The Board subsequently denied his petition for review, thus rendering the initial decision of the administrative judge final. Groseclose v. Dep't of the Navy, No. SF1221060368-W-1 (M.S.P.B. Sept. 19, 2007). This appeal followed.

## DISCUSSION

We must affirm the Board's decision unless we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); <u>Walls v. Merit Sys. Prot. Bd.</u>, 29 F.3d 1578, 1581 (Fed. Cir. 1994). "Under this standard, we will reverse the MSPB's decision if it is not supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" <u>Haebe v. Dep't of Justice</u>, 288 F.3d 1288, 1298 (Fed. Cir. 2002) (citation omitted). "The question before us is not how the court would rule upon a <u>de novo</u> appraisal of the facts of the case, but whether the administrative determination is supported by substantial evidence in the record as a whole." <u>Id.</u>

On appeal, Mr. Groseclose claims that the administrative judge abused her discretion by not finding in his favor on several issues, and that several findings are not supported by substantial evidence. We take his primary arguments in turn.

First, Mr. Groseclose claims that he was denied the opportunity to compete for the position of Site Director in retaliation for his whistleblowing and that Ms. Bedford "deviate[d] from normal hiring practices to keep [him] out of" the Site Director position. As the administrative judge found, however, Mr. Groseclose failed to show that he properly submitted his resume into the resumix system in order to be considered for the position, that Ms. Bedford had the ability to manipulate the resumix system, or that Ms. Bedford was under any obligation to consider his application after the certification list was compiled. We conclude, therefore, that on this record substantial evidence

supports the administrative judge's finding that Mr. Groseclose failed to establish that he was obstructed from competing for the position or that his failure to be selected was in reprisal for a protected disclosure.[1]

Second, Mr. Groseclose claims that he was given a low annual performance evaluation in 2004 in retaliation for his whistleblowing. On appeal, he asserts that it was an abuse of discretion for the administrative judge to determine that the evaluator, Mr. Potenza, assigned the contested performance evaluation prior to learning of Mr. Groseclose's whistleblowing. The administrative judge heard the testimony of the witnesses involved and credited the testimony of Mr. Potenza that he first learned of the disclosures on July 28, 2004, and that he made the performance evaluation determination and discussed the performance review with Mr. Groseclose prior to that date. The administrative judge's determinations of the credibility of witnesses are given a particularly deferential review. See Bieber v. Dep't of the Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002) ("The credibility determinations of an administrative judge are virtually unreviewable on appeal."). We give such deference here and conclude that substantial evidence supports the finding that Mr. Potenza made his determination regarding the contested performance evaluation prior to learning of Mr. Groseclose's disclosures.

Third, Mr. Groseclose claims that he was assigned collateral Approving Official ("AO") responsibilities in retaliation for whistleblowing. The administrative judge concluded that the assignment of AO responsibilities to Mr. Groseclose was not a covered personnel action. As the administrative judge noted, the record indicates that

---

[1] In light of this conclusion, we need not reach the questions of whether protected disclosures were made prior to his non-selection as Site Director or whether Ms. Bedford knew of the protected disclosures at that time.

the other branch head was also assigned collateral duties and the AO duties were not a significant change in Mr. Groseclose's working conditions. Additionally, the administrative judge found that Mr. Potenza credibly testified that Mr. Groseclose was assigned the AO duties for legitimate reasons, including his meticulous work ethic. We conclude that substantial evidence supports the administrative judge's finding that the assignment of AO duties to Mr. Groseclose was not a covered personnel action.

Fourth, Mr. Groseclose claims that his responsibilities were changed in retaliation for whistleblowing when the Point Loma site was reorganized from two to three branches. Mr. Groseclose argues that the fact that the Navy considered, but decided against, reorganization of the Point Loma site into three branches prior to his disclosures shows that the later decision to reorganize was made in retaliation to his disclosures. We conclude that his arguments are insufficient to overturn the administrative judge's finding, which was largely based on crediting Mr. Potenza's testimony that the disclosures played no part in his reorganization plan and that he had legitimate reasons for the reorganization.

Finally, we are not persuaded by Mr. Groseclose's remaining arguments on appeal, including his claims that the administrative judge failed to consider several pieces of evidence. For example, regarding the performance evaluation appeal, Mr. Groseclose claims that "[i]t was an abuse of discretion for the judge to not consider issues concerning Donna Bedford as the pay unit manager responsible for approving and then reviewing [his] performance incentive awards and disputes." An administrative judge's failure to discuss every piece of evidence, however, does not mean that said evidence was not considered, unless expressly stated otherwise. See Medtronic, Inc. v.

<u>Daig Corp.</u>, 789 F.2d 903, 906 (Fed. Cir. 1986) ("We presume that a fact finder reviews all the evidence presented unless he explicitly expresses otherwise."). There is no indication that the administrative judge failed to consider the evidence that Mr. Groseclose cites.

## CONCLUSION

For the aforementioned reasons, we affirm the decision of the Board.

## COSTS

Each party shall bear its own costs.