NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**MICHAEL MALLONEE,**
*Petitioner*

**v.**

**DEPARTMENT OF THE INTERIOR,**
*Respondent*

———————————

2024-2155

———————————

Petition for review of the Merit Systems Protection Board in No. DE-1221-16-0063-W-1.

———————————

Decided: March 10, 2025

———————————

MICHAEL KEITH MALLONEE, Conyers, GA, pro se.

LIRIDONA SINANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

———————————

Before PROST, LINN, and STOLL, *Circuit Judges*.

PER CURIAM.

Michael Mallonee appeals the Final Order of the Merit Systems Protection Board ("Board") affirming its initial decision to deny corrective action as to Mallonee's termination. *Mallonee v. Dep't of Interior*, No. DE-1221-16-0063-W-1, 2024 WL 2814682 (M.S.P.B. May 31, 2024) ("*Final Order*"). For the following reasons, we *affirm*.

## I. BACKGROUND

On July 28, 2011, Mallonee was tentatively selected by the Department of the Interior's (the "agency's") Bureau of Indian Education ("BIE") as Assistant Principle at the Cheyenne Eagle Butte School ("CEBS") subject to a three-year probationary period. Supp. App'x 73.[1] On April 19, 2012, Mallonee's supervisor, Principal Nadine Eastman, informed him that he would be removed from his position effective May 4, 2012. Supp. App'x 85–86.

Mallonee filed an individual right of action ("IRA") appeal under the Whistleblower Protection Act, contending that the agency retaliated against him for making multiple protected disclosures by subjecting him to a hostile work environment, threatening to charge him as Absent Without Leave ("AWOL"), terminating his employment, and failing to select him for various positions. *Final Order*, 2024 WL 2814682, at *1; *see* 5 U.S.C. § 1221. Specifically, Mallonee contended that he made several protected disclosures: disclosing that Eastman harassed him; complaining to the Occupational Safety and Health Administration ("OSHA") that CEBS suffered from unsafe building conditions; and relaying to investigators that a colleague lacked the necessary certification to serve as a kindergarten principal. Supp. App'x 31.

---

[1] "Supp. App'x" refers to the appendix the Secretary filed concurrently with its informal response brief.

The administrative judge concluded that while Mallonee's harassment allegations did not qualify as protected disclosures, his disclosures of unsafe building conditions and the appointment of unqualified personnel were protected. Further, the administrative judge found that Mallonee proved that the agency took personnel actions against him by threatening him with AWOL status, terminating his probationary employment, and not selecting him for employment for several positions. Supp. App'x 43–44. The administrative judge concluded, however, that Mallonee failed to show that his protected disclosures contributed to the agency's decisions as to those actions. Supp. App'x 44–46. The administrative judge concluded that the threat to charge Mallonee as AWOL predated any of his protected disclosures. Supp. App'x 45. With respect to the termination of his employment, the administrative judge found that Mallonee failed to prove that the deciding official, Eastman, knew about his OSHA complaint or his disclosures regarding his colleague's lack of certification. Supp. App'x 46–47. Further, with respect to his non-selection for employment, Mallonee failed to identify the deciding officials for each of the positions he sought. Supp. App'x 47–48. Thus, the administrative judge denied Mallonee's petition for corrective action.

In the alternative, the administrative judge found that the agency provided clear and convincing evidence that it would have sought the same personnel actions had the protected disclosures not been made. Supp. App'x 49.

Modifying the Initial Decision, the Board vacated the alternative finding, but otherwise affirmed the denial of corrective action. *Final Order*, 2024 WL 2814682, at *4–5, *7.

Mallonee now appeals to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Mallonee argues that the Board failed to properly and fully consider key pieces of evidence, erroneously prevented him from calling witnesses, and applied the wrong legal standard to his case. We address each argument in turn.

### A.

Mallonee alleges that the Board failed to consider evidence of Eastman's retaliatory intent in the form of: (1) an email in which Eastman commented that "what goes around comes around;" and (2) an independent CRC & Associates ("CRC") report describing an investigation into CEBS personnel and efficiency problems. As to the former, Mallonee contends that Eastman's comment, made after learning that her employment contract would not be renewed, shows that she possessed retaliatory intent. But Mallonee does not explain how this text relates to his protected disclosures or to the personnel actions against him. Moreover, substantial evidence supports the Board's conclusion that Eastman was not privy to Mallonee's disclosures.

As to the CRC report, Mallonee argues that the administrative judge ignored the CRC report's warning that "there is a high probability that any further personnel actions on [Eastman's] part may cause BIE lawsuits and actions." Appellant's Br. 7. But Mallonee fails to explain how this text in any way evinces that his protected disclosures contributed to the personnel actions taken against him. To the contrary, the Board found as a matter of fact that Mallonee's disclosures did not contribute to the agency's threat of AWOL status or its decision to remove Mallonee from his position. Specifically, the Board found that Eastman began the termination process on January 11, 2012 and threatened to designate Mallonee as AWOL on February 12, 2012, before any of his alleged disclosures. *Final Order*, 2024 WL 2814682, at \*2, \*4; Supp. App'x 87–88. Mallonee has failed to articulate why the evidence he alleges the

Board overlooked would have resulted in a different outcome. Substantial evidence supports the Board's conclusion that Mallonee failed to demonstrate that his disclosures contributed to his removal or the agency's threatened AWOL status. *See Jones v. Dep't of Health & Hum. Servs.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016) ("Substantial evidence is more than a mere scintilla of evidence, but less than the weight of the evidence." (internal citations and quotations omitted)).

Mallonee argues that the Board failed to consider several facts tending to show that the CEBS was mismanaged. Mallonee argues that the testimonies of Eastman and her Human Resources contact, Jodie Tomhave, contained significant inconsistencies that must be viewed alongside the general mismanagement of the BIE and CEBS. Mallonee argues that the administrative judge also overlooked the fact that Eastman failed to maintain proper documentation and that Tomhave's deposition showed that the BIE was mismanaged, undermining the credibility of the appellant's removal. Mallonee further contends that the administrative judge did not acknowledge the CRC report's criticism of the CEBS staff's teaching methods. These arguments exceed the scope of our review on appeal, however, as we are confined to review the Board's adjudication of Mallonee's whistleblower reprisal claims. *See Rockwell v. Dep't of Transp., Fed. Aviation Admin.*, 789 F.2d 908, 913 (Fed. Cir. 1986) ("Congress expressly limited our appellate review, 5 U.S.C. § 7703(c), to final orders and decisions of the board on the record." (emphasis omitted)); Supp. App'x 81–84 (holding that because he made a non-frivolous allegation of whistleblower retaliation, Mallonee invoked the Board's jurisdiction to hear his IRA appeal).

Mallonee also argues that the administrative judge failed to consider that the grounds for his removal were false or unsupported. Specifically, Mallonee contends that Eastman's allegations that he failed to timely return reference checks, engaged in aggressive behavior, and

improperly used an agency cell phone are false and that there is no documentation to show he inappropriately approved compensatory time for teachers or that he did not review all teacher lesson plans. Mallonee also contends that Eastman prevented him from signing a continued employment contract during his sick leave. To the extent that Mallonee seeks to litigate the merits of his removal, his arguments lie outside the scope of this IRA appeal. *See* Supp. App'x 81–84. To the extent that he argues that the grounds of his removal were pretextual and that he was removed in retaliation for his disclosures, Mallonee does not meaningfully challenge the administrative judge's finding that Eastman initiated dismissal proceedings before any of his protected disclosures, thus foreclosing any finding of retaliation. *See* Supp. App'x 25. Accordingly, we see no merit to these arguments.

## B.

Mallonee next contends that the administrative judge improperly prevented him from calling most of his witnesses. But Mallonee does not indicate what this testimony would show or how this additional testimony would have made a difference to the outcome of his case. The absence of such an explanation leaves this argument without merit. *See* 28 U.S.C. § 2111.

Mallonee also contends that the administrative judge improperly characterized his testimony as "vague, unconvincing, and improbable." Appellant's Br. 17. Such credibility assessments, however, are committed to the judgment of the fact finder and are virtually unreviewable on appeal. *Doe v. Sec'y of Health & Hum. Servs.*, 601 F.3d 1349, 1355 (Fed. Cir. 2010).

## C.

Lastly, Mallonee argues that the Board applied the wrong legal standard by failing to recognize that BIE teachers and administrative staff are federal employees

protected under the Whistleblower Protection Act.  Although the agency originally argued that Mallonee was not a federal employee, the administrative judge ultimately disagreed and applied the correct legal standard.  Supp. App'x 78 n.2 (noting that Mallonee's "status as an excepted federal employee in the federal service distinguishes the line of cases that involve individuals who were contractors but not federal employees").  We conclude, therefore, that Mallonee failed to show that the Board applied the wrong legal standard to his case.

\*   \*   \*

Mallonee's remaining arguments invite this Court to do what we do not have the power to do and reweigh the evidence, improperly substituting this Court's factual findings for those of the Board.  *See Jones*, 834 F.3d at 1369 ("Under the substantial evidence standard of review, we do not reweigh evidence on appeal." (internal quotations omitted)).  Because none of Mallonee's arguments on appeal meaningfully impact the Board's bases for denying his petition for corrective action, Mallonee has failed to meet his burden to show reversible error.  For these, we *affirm*.

## AFFIRMED

### COSTS

Each party shall bear its own costs.