**Sally L. ARNETT, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03–3129.

United States Court of Appeals, Federal Circuit.

DECIDED: July 11, 2003.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LINN, Circuit Judge.

RADER, Circuit Judge.

Sally L. Arnett seeks review of a final order of the Merit Systems Protection Board (Board) that denied her appeal as untimely filed. *Arnett v. Dep't of Navy*, No. SF–1221–02–0596–W–1, 93 M.S.P.R. 299, 2002 WL 31740533 (M.S.P.B. Nov. 26, 2002). This court *affirms*.

I.

In 1996 Ms. Arnett was employed by the Department of the Navy. In a complaint that she filed with the Office of Special Counsel (OSC), Ms. Arnett alleged that the Navy refused to advance her to various vacant positions in retaliation for whistleblowing. After a preliminary investigation, OSC determined that Ms. Arnett's allegations of retaliation lacked merit. On May 15, 2002, OSC wrote to Ms. Arnett reporting its decision and stating "You may file a request for corrective action with the [Board] within 65 days after the date of this letter." The sixty-five day deadline fell on July 19, 2002.

Ms. Arnett filed an individual right of action appeal (IRA) under the Whistleblower Protection Act (WPA) with the Board on July 24, 2002, or seventy days after the date of the OSC letter. The administrative judge instructed Ms. Arnett to file evidence or argument showing why her appeal should be deemed timely. In response, Ms. Arnett stated that she received the OSC letter on May 20, 2002. Ms. Arnett explained that this would put her inside the sixty-five day limit, since July 24, 2002, is sixty-five days after May 20, 2002. Ms. Arnett also contended that extenuating circumstances excused her de-

lay. Ms. Arnett stated that on May 14, 2002, a next-door neighbor and good friend died after a heart attack, leaving Ms. Arnett in emotional distress and unable to file the appeal.

On August 28, 2002, the administrative judge issued an initial order dismissing the appeal as untimely under the applicable regulation. The administrative judge further held that the time limit could not be waived for good cause and found that the Ms. Arnett showed "excusable neglect," which could not invoke equitable tolling.

Ms. Arnett filed a petition for review with the Board. On November 26, 2002, the Board issued a final order denying the petition for review for lack of new evidence or legal error, and the Board adopted the administrative judge's initial decision as its final decision in the matter.

## II.

This court affirms a final decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

In the final order of November 26, 2002, the Board found no new, previously unavailable, evidence and no error of law. Absent such evidence or error, the Board correctly denied the petition for review. *See* 5 C.F.R. § 1201.115(d) (2002).

The record shows that Ms. Arnett submitted no new evidence to the Board. Ms. Arnett's informal brief to this court includes affidavits and autopsy reports that were not in the record before the Board. This court cannot consider these newly presented documents. This court's review is limited to the record before the Board. *Rockwell v. Dep't of Transp.*, 789 F.2d 908,

913 (Fed.Cir.1986) ("Congress expressly limited our appellate review, 5 U.S.C. § 7703(c), to final orders and decisions of the board on the record.").

Ms. Arnett alleges that the regulation spelling out the time limit for appeal is ambiguous about the start date for the sixty-five day period. The regulation states:

> [A]n appeal must be filed:
>
> (1) No later than 65 days after the date of issuance of the Office of Special Counsel's written notification to the appellant that it was terminating its investigation of the appellant's allegations or, if the appellant shows that the Special Counsel's notification was received more than 5 days after the date of issuance, within 60 days after the date the appellant received the Special Counsel's notification.

5 C.F.R. § 1209.5(a)(1) (2002). This court finds no ambiguity in the regulation. A timely appeal must be filed within sixty-five days of the date of the written notification, or if received more than five days after that date, within sixty days of receipt.

The administrative judge did not err in applying section 1209.5(a)(1) to conclude that Ms. Arnett's filing was untimely. The OSC letter was dated May 15, 2002. Ms. Arnett received the OSC letter on May 20, i.e., five days later. Thus Ms. Arnett did not receive the OSC letter more than five days after the date of issuance. Accordingly, the deadline for filing remained sixty-five days after May 15, 2002, and Ms. Arnett's filing seventy days thereafter was untimely.

■ The administrative judge correctly rejected Ms. Arnett's good cause argument. The time limit for filing an IRA appeal cannot be waived for good cause. *Wood v. Dep't of Air Force*, 54 M.S.P.R.

587, 592 (1992) (stating that because the WPA set a statutory time limit without providing for extensions of time, "an IRA appeal cannot be waived for good cause shown under 5 C.F.R. § 1201.22(c)").

■ Finally, the administrative judge did not err in concluding that equitable tolling does not apply. Equitable tolling may excuse certain untimely-filed lawsuits against the Federal Government, e.g., if the appeal was filed within the statutory period but the filing was defective, or where the complainant had been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). But equitable tolling does not extend to a simple case of excusable neglect. *Id.* at 96. The administrative judge found that the present case reflects excusable neglect, and as such, equitable tolling would not apply. Substantial evidence supports the administrative judge's finding.