NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3027

SALLY L. ARNETT,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

_____

DECIDED:  March 14, 2005

_____

Before SCHALL, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Sally L. Arnett ("Arnett") petitions for the review of a final decision of the Merit Systems Protection Board ("Board"), No. SF-1221-04-0427-I-1, dismissing Arnett's appeal for lack or jurisdiction and for res judicata.  Because the Board correctly dismissed Arnett's appeal for lack of jurisdiction, we affirm.

BACKGROUND

Arnett was employed by the Marine Corps Civilian Human Resource Office-West, Marine Corps Base at Camp Pendleton, California on a term appointment from September 5, 1996 through November 20, 1996.  Since the end of her term appointment, Arnett has pursued re-employment with the Department of the Navy

("Navy"), but has not been hired. Prior to the filing of the present action, Arnett filed several claims before the Board.

In October 2001, Arnett filed a complaint with the Office of Special Counsel ("OSC"), alleging that the Navy had refused to hire her for more than twenty positions in retaliation for whistleblowing. The OSC determined that Arnett had not established any violation. Arnett appealed to the Board, which dismissed her appeal as untimely filed. Arnett v. Dep't of the Navy, No. SF-1221-02-0596-W-1 (MSPB Aug. 28, 2002) (initial decision); Arnett v. Dep't of the Navy, No. SF-1221-02-0596-W-1 (MSPB Nov. 26, 2002) (final order). On appeal, this court affirmed the Board's decision. Arnett v. Merit Sys. Prot. Bd., No. 03-3129, 2003 WL 21659451 (Fed. Cir. Jul. 11, 2003).

In October 2003, Arnett filed another complaint with the OSC alleging, inter alia, nepotism and that she had been rated unqualified. The OSC subsequently determined that Arnett had not established nepotism in violation of 5 U.S.C. § 2302(b)(7). The OSC also determined that it had previously addressed her allegations of being rated unqualified in conjunction with her October 2001 complaint and closed her case. Arnett appealed to the Board, claiming she had not been hired by the Navy based on reprisals for whistleblowing. The Navy moved to dismiss the appeal on the grounds of lack of jurisdiction and res judicata, arguing that Arnett had raised the same allegations that had been decided against her in the prior Board decision. During the proceedings, the Board issued two Orders to Show Cause, requesting that Arnett demonstrate why the appeal should not be dismissed and requesting that she clarify her "incomprehensible" filing. In its September 10, 2004 decision, the Board dismissed Arnett's appeal on the grounds of lack of jurisdiction and res judicata. The Board found it lacked jurisdiction

because Arnett failed to make any nonfrivolous allegations that she engaged in whistleblowing activity. It observed that Arnett, in response to the Board's two Orders to Show Cause, had failed to specifically identify any cognizable whistleblower claims. The Board further found that Arnett was attempting to appeal several matters that had previously been adjudicated.

Arnett appealed the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## ANALYSIS

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Abell v. Dep't of the Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003).

"This court has held that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the OSC and makes 'non-frivolous allegations' that (1) [s]he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1372 (Fed. Cir. 2001). We have held that "the Board has jurisdiction over an appeal if the employee makes non-frivolous allegations that the elements of his claim are satisfied." Spencer v. Dep't of the Navy, 327 F.3d 1354, 1356 (Fed. Cir. 2003).

On appeal, Arnett fails to establish that she made nonfrivolous allegations that she engaged in whistleblowing activities by making a protected disclosure and that any protected disclosure was a contributing factor in the agency's actions. Instead, Arnett only provided vague and unspecific allegations of the Board's jurisdiction in response to the Board's two Orders to Show Cause requiring her to specify the "nature of [her] disclosures and the circumstances surrounding any personnel actions that [she] allege[s] an agency has taken, failed to take, or threatened to take in retaliation for [her] whistleblowing activities." Thus, we affirm the Board's dismissal of Arnett's IRA appeal for lack of jurisdiction on the ground that Arnett failed to satisfy her burden of presenting non-frivolous allegations that the elements of her claim are satisfied.

Arnett further makes vague allegations that the agency had a conflict of interest and engaged in "reprisal for . . . nepotism" when she was not selected for certain positions. Arnett's conflict of interest and nepotism claims are related to her whistleblowing retaliation claims, but Arnett's assertions of a conflict of interest and of nepotism are insufficient to establish independent Board jurisdiction over her appeal.

Arnett argues that the Board possesses jurisdiction over her appeal because she was disqualified from a position based on a suitability determination. Although the Board does possess jurisdiction to review negative suitability determinations of some employees, 5 C.F.R. § 731.501, Arnett did not raise the issue of her alleged unsuitability before the Board and the record does not indicate that she was in fact found unsuitable. Accordingly, Arnett's suitability claim is waived. White v. Dep't of Justice, 328 F.3d 1361, 1372 (Fed. Cir. 2003) (stating that an appellant "cannot challenge upon appeal what he failed to challenge before the Board").

Finally, Arnett argues that an agency response she received after September 10, 2004 is evidence of a continuing pattern of "retaliation, non-selection and unsuitability for employment." However, this agency response was not raised before the Board or contained in the administrative record, and this Court declines to consider such evidence for the first time on appeal. Oshiver v. Office of Pers. Mgmt., 896 F.2d 540, 542 (Fed. Cir. 1990) ("We will not consider the new evidence contained in the supplemental papers because that evidence was not presented to the Board."); see also White, 328 F.3d at 1372.

We have considered the remainder of Arnett's arguments and find them to be without merit.

Arnett has now had ample opportunities to challenge all of the disputes surrounding her attempts to obtain re-employment with the Navy and to raise various theories concerning the remedies she has sought from the United States Government. While the courts of the United States are open for individuals to make claims against their government, continued challenges concerning the same set of underlying facts eventually constitute an abuse of the judicial system. Such a point has now been reached. Arnett is therefore warned that further appeals involving claims based on the same set of facts, whether raising the same or new theories, may be held to be frivolous and subject to sanctions, see Federal Rule of Appellate Procedure 38.