**Stephen J. MOYLAN,\* Petitioner,**

v.

**DEPARTMENT OF TRANSPORTA-TION, FAA, Respondent.**

**Appeal No. 83–1150.**

United States Court of Appeals, Federal Circuit.

May 18, 1984.

---

Robert M. Archer, Mineola, N.Y., argued for petitioner. With him on the brief were Lois Carter Schlissel and Ronald E. Sommer, Mineola, N.Y.

Lorraine B. Halloway, Washington, D.C., argued for respondent. With her on the brief was J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, and San-

---

\* The Board decided the appeals of two other controllers, listed in the appendix to this opinion, at the same time it decided Moylan's case. These individuals have filed separate appeals before this court. The issues raised in those appeals have been considered and decided in the decisions handed down by the court today. The petitioners listed in the appendix shall noti-

fy the court within 14 days of the date of this opinion regarding their intent to withdraw or further prosecute their appeals. Absent notification within that period, the appeals listed in the appendix will be dismissed. *See Asberry v. United States Postal Service,* 692 F.2d 1378 (Fed. Cir.1983).

dra P. Spooner, Washington, D.C., Diane R. Liff, Asst. Gen. Counsel for Litigation, Dept. of Transp., Washington, D.C., of counsel.

Stephen C. Cooper and Steven Z. Cohen, Southfield, Mich., were on the brief for amicus curiae.

Before MARKEY, Chief Judge, and FRIEDMAN, RICH, SMITH and NIES, Circuit Judges.

## PER CURIAM.

This is an appeal from a decision of the Merit Systems Protection Board (Board) affirming the Federal Aviation Administration's (agency's) decision to remove the petitioner from his job as an air traffic controller. We affirm.

Prior to August 3, 1981, the petitioner served as an air traffic controller at the New York Air Route Traffic Control Center at Ronkonkoma, New York. On August 3, 1981, the Professional Air Traffic Controllers Organization began a nationwide strike against the agency.

Petitioner Moylan did not appear for his scheduled shift on August 3. August 4 and 5 were his regular days off, and he again failed to appear on August 6. The record contains no evidence that the petitioner attempted to contact his supervisor to explain his absence. He was removed for striking and being absent without leave on August 3–6.

The petitioner appealed his removal to the Board, which affirmed the agency action.

The petitioner objects to his removal on several grounds: that the agency did not prove that he intended to strike or that he acted in concert with others; that the agency improperly shifted the burden of proof concerning strike participation; that the strike ended on August 5, 1981, so that the agency's decision to remove him for striking after that date was invalid; that the President improperly influenced the agen-cy's deciding official; that the agency failed to follow statutory procedures in effecting petitioner's removal; that removal was too harsh a penalty for the offense; and that the Board prejudiced the petitioner's case by consolidating it with 79 other cases for hearing before the Board's presiding official.

Except for the last issue, this court has thoroughly considered and rejected these arguments in two other cases decided today. *See Schapansky v. Department of Transportation*, 735 F.2d 477, decided today; *Adams v. Department of Transportation*, 735 F.2d 488, decided today. Those decisions control here.

The only issue the petitioner raises that those cases did not decide is whether consolidation of the petitioner's case with those of 79 other air traffic controllers denied him an opportunity for a fair hearing before the Board. The Board concluded that the petitioner had waived any objection to the consolidation because he and the other controllers and the government jointly had requested consolidation. The petitioner has not denied that he did so. We cannot say that the Board's finding is arbitrary or unsupported by substantial evidence.

By joining the request for consolidation, the petitioner waived any objection he may have had to that procedure. *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir.1970).

The decision of the Merit Systems Protection Board affirming the removal of the petitioner is affirmed.

AFFIRMED.

## APPENDIX

| Petitioner | MSPB Docket No. | Fed. Cir. Appeal No. |
|---|---|---|
| Harvey K. Hatch | NY075281F0574 | 83–1151 |
| Joseph R. Noa | NY075281F0680 | 83–1152 |