# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

IRS MILLER CONSOLIDATION,
            Appellant,

                    v.

DEPARTMENT OF THE TREASURY,
            Agency.

DOCKET NUMBER
DA-0752-13-4549-I-2[1]

DATE: November 3, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Karen Lorch, Tonia Gilmore, Julia Miller, and Ramona Wright, Austin,
    Texas, for the appellants.

Bridgette M. Gibson, Esquire, and Aaron J. Bennett, Esquire, Dallas,
    Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

---

[1] The appellants that are included in this consolidation are set forth in Appendix A to this Final Order.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1      The appellants have filed a petition for review of the initial decision, which affirmed the agency's furlough actions.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioners have not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The agency furloughed the appellants for no more than 7 workdays in order to avoid a deficit of funds in Fiscal Year 2013 which resulted from a March 1, 2013 sequestration order requiring across-the-board reductions in federal spending pursuant to the Balanced Budget and Emergency Deficit Control Act of 1985, as amended.  MSPB Docket No. DA-0752-13-4549-I-2, Refiled Appeal File (RAF), Tab 5 at 23-30.

¶3      On appeal to the Board, the appellants asserted that the agency implemented the first 3 furlough days but either cancelled or postponed the other planned furlough days.  MSPB Docket No. DA-0752-13-4549-I-1, Initial Appeal File (IAF), Tab 11 at 5.  The appellants also asserted that the agency did not prove that there was a budgetary shortfall that warranted the furloughs, did not prove that its actions promoted the efficiency of the service, committed unfair labor

practices by failing to comply with an agreement reached between the agency and the appellants' union regarding implementing the furlough, and violated the appellants' due process rights. *Id*. at 5-15; *see* RAF, Tab 5 at 3-13.

¶4	The administrative judge consolidated these appeals after finding that they addressed the same facts and circumstances. IAF, Tab 4. After a hearing, the administrative judge affirmed the furlough actions. RAF, Tab 10, Initial Decision (ID) at 1, 16. The administrative judge found that the furloughs were a reasonable management solution to the financial restrictions placed on it and that the agency applied the furloughs in a fair and even manner. ID at 4-9. The administrative judge also held that the appellants did not prove that the agency committed harmful error or failed to provide minimum due process. ID at 10-16.

¶5	The appellants assert on review that, given certain assumptions and the sheer number of employee responses to the proposal notices, the deciding official would have had only approximately 5 to 7 minutes to consider each response. Petition for Review (PFR) File, Tab 1 at 2-3. A deciding official's complete failure to consider an appellant's written response to a proposal notice before issuing a decision constitutes, in and of itself, a violation of minimum due process of law. *Hodges v. U.S. Postal Service*, 118 M.S.P.R. 591, ¶ 6 (2012). The administrative judge found, however, that the deciding official credibly testified that he reviewed each response individually. ID at 16. The administrative judge held that this testimony was corroborated by a labor relations specialist who was the project leader for the oral and written reply process, and who testified that she forwarded the replies to the deciding official, the deciding official confirmed that he had reviewed the summaries, and the deciding official sometimes worked until 9:00 p.m. to review the summaries from that day. ID at 11, 15-16; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (to resolve credibility issues, an administrative judge must consider such factors as the consistency of the witness's version of events with other evidence). The Board must give deference to an administrative judge's

credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellants have not identified sufficiently sound reasons for overturning the administrative judge's credibility findings in this case. In any event, the Board has held that, in furlough cases such as this, an agency makes certain policy and spending decisions and typically directs the furlough action at the appellants' positions, not at any conduct, characteristics, qualifications, or reputations of the appellants as individuals. *See Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶ 22 (2014). Given these circumstances, even assuming that the deciding official spent only a brief period of time reviewing the responses to the proposal notices, the appellants have not shown a violation of due process.

¶6        The appellants also contend that the administrative judge improperly disallowed the testimony of a witness. PFR File, Tab 1 at 3. The administrative judge approved three witnesses requested by the appellants, as well as the appellants themselves. RAF, Tab 6 at 4. The administrative judge found that the appellants' representatives had not spoken to the remaining requested witnesses and were unable to articulate how the proffered testimony would be different from that of the approved witnesses, how the information sought could not be obtained from approved witnesses, or how the testimony would be material to the Board's decision. *Id*. As a result, the administrative judge denied the appellants' remaining witness requests because the proffered testimony did not appear to be relevant, material, and not unduly repetitious. *Id*. The appellants did not file an objection to this ruling. *See* RAF, Tab 2 at 1 (the acknowledgment order reminding the parties that if, before the close of the record, a party fails to object to any written or verbal ruling, that party will be precluded from challenging the ruling on petition for review). Thus, there is no basis for overturning the administrative judge's ruling. *See Miller v. U.S. Postal Service*, 117 M.S.P.R.

557, ¶ 8 (2012) (the appellant's failure to object to rulings on witnesses precludes his doing so on petition for review); *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988).

¶7        The appellants also reiterate the claim of harmful error they raised below, alleging that the agency did not provide them and the deciding official with verbatim transcripts of their oral replies as required by a collective bargaining agreement.  PFR File, Tab 1 at 4-5.  The administrative judge found that, although the agency committed a procedural error in this regard, the agency installed a "safe-guard" to ensure that the substance of the oral replies was memorialized by providing a separate note-taker for each oral reply and allowing the appellants and their representatives to review the summary and to make changes before it was finalized and forwarded to the deciding official.  ID at 12-13.  The administrative judge held that the appellants did not show that the error was harmful because they did not show that the agency denied requested changes or that the deciding official likely would have issued a different decision if transcripts had been provided.  ID at 13.  The appellants have not shown on review that the administrative judge erred in finding that the error was not harmful.  *See* 5 C.F.R. § 1201.56(c)(3) (harmful error is error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error).

¶8        The appellants also renew their objection to the consolidation of these cases.  PFR File, Tab 1 at 7; *see* IAF, Tab 8.  They contend that they did not intend to file together as a class, that consolidation raises privacy issues, and that their cases were considered "in the aggregate" rather than individually, despite the fact that each appellant was impacted in a different way under unique facts and circumstances.  PFR File, Tab 1 at 7.  The appellants did not file a timely objection to the consolidation order.  *See* IAF, Tab 4 (objections to the consolidation order must be received within 10 days of the August 1, 2013 order),

Tab 8 (August 13, 2013 objection to consolidation order). In any event, under 5 C.F.R. § 1201.36(b), an administrative judge may consolidate cases if doing so would expedite processing of the cases and not adversely affect the interests of the parties. The administrative judge's orders required the parties to file documents containing personally-identifiable information in the appellants' personal docket numbers, not the "fixed lead" consolidation case. IAF, Tab 3; RAF, Tab 2. The appellants have not otherwise shown that their interests were adversely affected by the consolidation. *See Apple v. Department of Transportation*, 16 M.S.P.R. 280, 289 (1983) (finding no error in consolidating appeals when the appellants' cases were treated individually at the hearing, testimony was taken, and there was an opportunity for cross-examination of the agency's witnesses when they testified as to each appellant); *Noa v. Department of Transportation*, 15 M.S.P.R. 126, 132 (1983) (the fact that some of the appellants raised issues that were not common to all other appellants is not sufficient to bar the act of consolidation), *aff'd sub nom. Moylan v. Department of Transportation*, 735 F.2d 524 (Fed. Cir. 1984).

¶9      The appellants further assert that, although the agency tried to avoid overtime during the week leading up to the furlough and on furlough weeks, overtime was in fact offered during part of that period. PFR File, Tab 1 at 7. The appellants contend that "[i]t does not promote the efficiency of the service to pay time and a half to some employees and then furlough everyone." *Id*. The record includes emails from an agency manager indicating that a limited number of hours of overtime was authorized on particular dates "within the Specialized ID Theft Team" and that only Correspondence Exam Technicians fully-trained and off 100% review on all identity theft issues including nullification training may work that overtime. RAF, Tab 9 at 5-7; *see id*. at 8-16 (offering overtime to "ACS CPAT" certified employees and employees fully-trained and certified to work the Full Scope ID Theft Program). An agency's decision to award certain employees overtime may be relevant to whether the agency applied the furlough

uniformly and consistently. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 14 (2013). If an agency used overtime payments to relieve certain employees but not others of the financial consequences of the furlough, this may be sufficient to show that the furlough did not meet the efficiency of the service standard. *Id.* Here, however, the appellants' bare allegation that providing *any* overtime during a furlough does not promote the efficiency of the service does not show that the agency failed to apply the furlough uniformly and consistently, i.e., did not treat similar employees similarly and justify any deviations with legitimate management reasons. *See id.*, ¶ 8.

¶10    Finally, the appellants assert that the administrative judge improperly denied them discovery. PFR File, Tab 1 at 8. The appellants filed a motion to compel discovery but did not include a copy of their original request and a statement showing that the information sought was discoverable, an affidavit or sworn statement supporting the contention that no response had been received, and a statement that the appellants had discussed or attempted to discuss the motion with the agency and made a good faith effort to resolve the discovery dispute and narrow the areas of disagreement. IAF, Tab 13; *see* 5 C.F.R. § 1201.73(c)(1). In light of his intent to dismiss the initial appeal without prejudice to refiling, the administrative judge noted in a summary of a telephonic prehearing conference that he would not rule on the motion to compel at that time because he had not seen the just-filed motion and the Board's decision on interlocutory appeal in *Chandler* could affect his analysis. IAF, Tab 14. The administrative judge informed the parties that they could object to the summary within 10 days. *Id.* at 3. There is no indication that the appellants ever objected to the administrative judge's decision not to rule on the motion at that time or otherwise later raised the matter of the motion to compel before the issuance of the initial decision affirming the furloughs. In any event, as set forth above, the appellants' motion to compel did not comply with the Board's requirements. Thus, this argument is unavailing. *See Johnson v. Department of Justice*,

104 M.S.P.R. 624, ¶ 30 (2007) (because the appellant's motion to compel did not comply with the Board's regulations, the administrative judge's failure to rule on the motion was harmless error).

¶11     Accordingly, the appellant's petition for review is denied and the initial decision is affirmed.

## NOTICE TO THE APPELLANTS REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703 (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.   Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                   _____

                                             William D. Spencer
                                             Clerk of the Board

Washington, D.C.

APPENDIX A

IRS MILLER CONSOLIDATION

DA-0752-13-4549-I-2

Julia E. Miller                              DA-0752-13-0454-I-2

Billy J. Goins                               DA-0752-13-0455-I-2

Sharon W. Hynes                              DA-0752-13-0456-I-2

Blas Martinez                                DA-0752-13-0457-I-2

Joycelyn R. Henderson                        DA-0752-13-0458-I-2

Mae F. Brown                                 DA-0752-13-0459-I-2

Denise L. Washington                         DA-0752-13-0460-I-2

Dwayne L. Brown                              DA-0752-13-0461-I-2

Valerie Y. Hall                              DA-0752-13-0462-I-2

Karen L. Lorch                               DA-0752-13-0463-I-2

Jane L. Busch                                DA-0752-13-0464-I-2

Sandra L. Little                             DA-0752-13-0465-I-2

Patricia L. Zarate                           DA-0752-13-0466-I-2

Willie Hines                                 DA-0752-13-0467-I-2

Brenda L. Breedlove                          DA-0752-13-0468-I-2

Aaron Z. Samelson                            DA-0752-13-0469-I-2

Lolethia M. Sledge                           DA-0752-13-0470-I-2

Evangleses Moore, Jr.                        DA-0752-13-0471-I-2