5 F.3d 1504
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Robert C. LAITY, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 93-3119.
 United States Court of Appeals, Federal Circuit.
 Aug. 6, 1993.
 
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert C. Laity seeks review of a final decision of the Merit Systems Protection Board (MSPB or Board), denying his request for an order which would require the Department of Veterans Affairs (DVA) to expunge a reprimand he received for violation of the agency's regulations regarding appropriate employee work, attitudes and behavior, Docket No. NY1221910568-B-1. We affirm the Board's decision.
 
 DISCUSSION
 
 2
 On January 17, 1991, Mr. Laity received a written reprimand from his superior because of Mr. Laity's use of profane language on January 2, 1991, in the presence of several other employees in violation of DVA regulations regarding appropriate employee work attitudes and behavior. On March 17, 1991, he filed a complaint with the MSPB Office of Special Counsel (OSC), alleging that his reprimand was effected in violation of the Whistle Blower Protection Act of 1989, Pub.L. No. 101-12, Sec. 3(a)(13), 103 Stat. 16 (1989). After Mr. Laity's complaint was denied by the OSC, he filed an individual right of action appeal to the MSPB pursuant to 5 U.S.C. Sec. 1221 (Supp. III 1991).
 
 
 3
 Pursuant to an order by the full Board, the administrative judge held a hearing and issued an initial decision on August 26, 1992. The administrative judge found that while Mr. Laity's disclosures were protected by the whistle-blower statute, Mr. Laity had failed to discharge his burden by proving that the disclosures were a factor in his reprimand. The administrative judge also determined that the supervisor, who issued the reprimand, did so solely on the basis of the profane language which Mr. Laity allegedly used on January 2, 1991. Finally, the administrative judge found that the agency had presented clear and convincing evidence that it would have issued the reprimand in the absence of the protected disclosures. Mr. Laity's timely petition for review was denied by the full Board on November 20, 1992.
 
 
 4
 * In Mr. Laity's first challenge to the MSPB decision, he contends the administrative judge should not have relied on the testimony of Elaine Powers, an agency witness, because she is "totally blind and did not file an official report upon which the agency relied to reprimand him." We know of no statute or regulation which prevents an agency from using a blind witness who has knowledge of the facts, even though she did not file an official report about his conduct. In addition, he complains that the administrative judge relied on the testimony of several witnesses which was inconsistent with their earlier statements. We must reject this contention on the ground that our review is limited to the administrative record and Mr. Laity has pointed to nothing in the record before us which supports his assertions.
 
 II
 
 5
 Mr. Laity next argues that the MSPB decision should be set aside on the ground of legal error. He argues that even if it is assumed that he used profanity on January 2, 1991, his remarks were the "protected activities of a union steward." However, the record shows that Mr. Laity was not a union steward when he was reprimanded for his conduct. He was indefinitely suspended from his position as union steward on May 20, 1990, for intemperate words and actions during a union meeting. See Laity v. Beatty, 766 F.Supp. 92, 95 (W.D.N.Y.1991).
 
 III
 
 6
 Finally, Mr. Laity asserts that he made a reasonable explanation of his conduct and that this warrants a ruling in his favor. It is clear that this argument is an attack upon the credibility determinations of the administrative judge. We reject the contention on the ground that, as we have held many times, credibility determinations by the finder of the facts are entitled to great weight and will not be disturbed in the absence of a showing that there are convincing reasons for rejecting the findings of the administrative judge. See Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 IV
 
 7
 On March 19, 1993, the court denied respondent's motion to strike Mr. Laity's "addendum to his informal brief." The order stated that objection to the addendum should be made in the respondent's brief. Accordingly, the respondent now contends that the court should decline to review the material in the addendum, because it was not contained in the record before the MSPB. We agree. The Federal Rules of Appellate Procedure limit our review to the record of proceedings before the MSPB. See Fed.R.App.P. 16(a). The court will not consider evidence that was not before the Board. Cruz v. Department of the Navy, 934 F.2d 1240, 1245 n. 6 (Fed.Cir.1991).
 
 CONCLUSION
 
 8
 Mr. Laity is a layman who represents himself. He may not be aware that Congress has not authorized this court to retry cases appealed from the MSPB. Our standard of review is limited. A decision of the MSPB must be affirmed, unless it is found to be unsupported by substantial evidence, or that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1988); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). After a careful review of the record, we conclude that Mr. Laity has not established any ground for reversing the decision of the MSPB.