NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEFFREY HAWKER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1697

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-22-0006-W-1.

---

Decided:  May 9, 2025

---

JEFFREY HAWKER, Gallup, NM, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before TARANTO and STOLL, *Circuit Judges*, and SCARSI, *District Judge*.[1]

PER CURIAM.

Petitioner Jeffrey Hawker filed an Individual Right of Action appeal, alleging that the Department of Veterans Affairs took various personnel actions in reprisal for his protected whistleblowing activity. In the initial decision, an Administrative Judge of the Merit Systems Protection Board dismissed Dr. Hawker's appeal for lack of jurisdiction without a hearing. In the final order, the Board denied Dr. Hawker's petition for review, modified part of the initial decision, and affirmed. Because the Board did not err in dismissing Dr. Hawker's appeal, we affirm.

## BACKGROUND

In April 2013, the Department of Veterans Affairs ("VA") appointed Dr. Hawker to the position of full-time Physician at the VA Medical Center in Salem, Virginia, subject to a two-year probationary period. App'x 14[2]; *Hawker v. Dep't of Veterans Affs.*, No. DC-1221-22-0006-W-1, 2022 WL 342625, at 2 (M.S.P.B. Feb. 1, 2022) (*Initial Decision*).[3] On September 6, 2013, Dr. Hawker's first-line supervisor notified him that the VA was reassigning him and reducing his salary based on alleged performance deficiencies. Around October 18, 2013, the Chief of Staff and the Medical Center Director informed Dr. Hawker that the VA was suspending his privileges as a result of his

---

[1]    The Honorable Mark C. Scarsi, District Judge, United States District Court for the Central District of California, sitting by designation.

[2]    "App'x" refers to the Appendix filed with Respondent's Informal Brief. ECF No. 22.

[3]    The electronic version of the initial decision lacks page numbers, so we cite to the pagination used in the initial decision at App'x 13–33.

performance deficiencies and convening a Professional Standards Board (PSB) to review the alleged deficiencies further.  On December 16, 2013, the Medical Center Director notified Dr. Hawker that, based on the PSB's recommendation, the agency was terminating Dr. Hawker from his position for "substandard care and professional incompetence," effective January 3, 2014.  *Id.*

On February 25, 2014, Dr. Hawker filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC), alleging that the VA terminated him in retaliation for disclosing patient care issues.  Although OSC issued a close-out letter in April 2014, OSC ultimately agreed to reopen its investigation into Dr. Hawker's complaint.  On August 4, 2021, OSC notified Dr. Hawker that it had terminated its inquiry into his 2014 whistleblower complaint.

On October 4, 2021, Dr. Hawker filed an Individual Right of Action (IRA) appeal, alleging that the VA took a number of personnel actions in reprisal for his protected whistleblowing activity.  That same day, the Administrative Judge "issued a Jurisdiction Order and provided the parties with a comprehensive discussion of [Dr. Hawker's] jurisdictional burden for an IRA appeal."  *Id.* at 4.  On October 13, 2021, Dr. Hawker filed an affidavit, executed on October 12, 2021, in which he provided a chronology of events occurring between April 2013 and August 2021.  In his affidavit, Dr. Hawker claimed to have made the following disclosures:

> (1) "concerns" regarding "studies or procedures being performed incorrectly" expressed to individuals in the radiology department;
>
> (2) "concern" regarding the safety of his supervisor's performance of "some procedures" expressed to his supervisor;

(3) his supervisor performed a carotid artery stent (CAS) without using a cerebral embolic protection device, which placed the patient at a significant risk of a stroke, made to the [VA] Office of Inspector General (OIG);

(4) "multiple failures within the [radiology] department, patient safety issues, and studies performed that did not meet the standards of care," made to a[ VA] Human Resources Specialist; and

(5) radiologists were performing procedures, such as CAS and transjugular intrahepatic portosystemic shunts (TIPS), beyond their scopes and the scopes of the facility and staff, made to OIG.

App'x 2–3 (second alteration in original); *Initial Decision* at 9–10. Dr. Hawker did not, however, provide any further "details relating to his whistleblowing activity . . . and he did not submit any additional documentation." *Initial Decision* at 5.

The VA moved to dismiss for lack of jurisdiction, arguing that Dr. Hawker failed to: (1) "nonfrivolously allege that he made a protected disclosure and/or engaged in protected activity"; (2) "nonfrivolously allege that any of his allege[d] whistleblowing activity was a contributing factor to the personnel actions at issue"; and (3) "demonstrate that many of the alleged retaliatory actions qualify as covered personnel actions within the meaning of 5 U.S.C. § 2302(a)(2)(A)." *Id.*

Although the Administrative Judge determined that Dr. Hawker proved he exhausted his administrative remedies with OSC only as to the disclosures summarized in paragraphs (3)–(5), but not paragraphs (1)–(2), he nevertheless addressed all five claims.

As for the allegations in paragraphs (1) and (4) above, the Administrative Judge determined that Dr. Hawker failed to nonfrivolously allege that he engaged in protected

whistleblower activity and that any such activity could have been a contributing factor in the personnel actions as alleged. With respect to paragraph (2), the Administrative Judge determined that Dr. Hawker failed to nonfrivolously allege that he engaged in protected whistleblowing activity. As for paragraphs (3) and (5), the Administrative Judge determined that Dr. Hawker failed to nonfrivolously allege that these disclosures could have been a contributing factor to any of the alleged retaliatory personnel actions that followed. As such, the Administrative Judge dismissed the appeal for lack of jurisdiction without a hearing.

In the final order, applying the substantive requirements of exhaustion provided in *Chambers v. Department of Homeland Security*, No. PH-1221-17-0161-W-1, 2022 WL 1310790 (M.S.P.B. May 2, 2022), which issued after the Administrative Judge's initial decision, the Board held that "disclosures (1) and (2) [above] were exhausted with OSC as evidenced by OSC's August 2021 close-out letter." App'x 3. The Board then "agree[d] with the [A]dministrative [J]udge's findings supporting the conclusion that, for disclosures (1), (3), (4), and (5), [Dr. Hawker] failed to nonfrivolously allege contributing factor through the knowledge/timing test." App'x 4–5. The Administrative Judge failed to consider whether Dr. Hawker proved contributing factor through other evidence,[4] however. But, the Board held, even considering the other methods,

---

[4] The Board provided examples of such evidence: "that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing or protected activity was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant." App'x 5 (citing *Pridgen v. Off. of Mgmt. & Budget*, No. DC-0432-14-0557-I-1, 2022 WL 4138183 (M.S.P.B. Sept. 12, 2022)).

Dr. Hawker "still failed to establish contributing factor." App'x 5. Accordingly, the Board affirmed the Administrative Judge's initial decision to dismiss for lack of jurisdiction.

Dr. Hawker appeals. We have jurisdiction under 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

After filing his opening and reply briefs, Dr. Hawker moved (ECF No. 30) to file a corrected informal reply brief (ECF No. 32) and corrected appendix (ECF No. 31). Respondent filed a motion to strike the corrected appendix in part. ECF No. 33. "The portion of ECF No. 30 seeking to file the corrected informal reply brief submitted at ECF No. 32 [wa]s granted." ECF No. 35. We address the portion of Dr. Hawker's motion (ECF No. 30) seeking to file the corrected appendix (ECF No. 31) below.

## DISCUSSION

"We will uphold the Board's decision unless it is '(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.'" *Higgins v. Dep't of Veterans Affs.*, 955 F.3d 1347, 1353 (Fed. Cir. 2020) (quoting 5 U.S.C. § 7703(c)). "Whether the [B]oard has jurisdiction over an appeal is a question of law that this court reviews *de novo.*" *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).

"To establish Board jurisdiction over individual right of action cases, the appellant must make 'non-frivolous allegations' that he engaged in whistleblowing activity by making a protected disclosure, and that the protected disclosure 'was a contributing factor in the agency's decision to take or fail to take a personnel action.'" *Kerrigan v. Merit Sys. Prot. Bd.*, 833 F.3d 1349, 1354 (Fed. Cir. 2016) (quoting *Cahill v. Merit Sys. Prot. Bd.*, 821 F.3d 1370, 1373 (Fed. Cir. 2016)). Satisfaction of the "knowledge/timing"

test—whether the official taking the personnel action knew of the disclosure and the timing of the personnel action was such that a reasonable person could conclude the disclosure was a contributing factor—"establishes, *prima facie*, that the disclosure was a contributing factor to the personnel action." *Kewley v. Dep't of Health & Hum. Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998). An appellant may also show that the protected disclosure was a contributing factor in the agency's decision without relying on the knowledge/timing test, e.g., by addressing "the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at" the deciding official(s), and whether there was "a desire or motive to retaliate against" the appellant. *Johnson v. Merit Sys. Prot. Bd.*, No. 21-2136, 2022 WL 4459926, at *4 (Fed. Cir. Sept. 26, 2022); *see also* App'x 5.

Dr. Hawker first argues that "denying [him] the right to a hearing on the merits of the matter is an inexcusable violation of due process." Pet. Informal Br. 8; *see* Pet. Informal Br. 2, 6.[5] We reject this argument. "[N]either the governing statute [5 U.S.C. § 7701(a)] nor the Due Process Clause of the Fifth Amendment guarantees [Dr. Hawker] a right to an evidentiary hearing on a question pertaining to the Board's jurisdiction." *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). Rather, "a hearing is required with respect to jurisdictional questions only if the employee makes a non-frivolous allegation that, if proved, would establish Board jurisdiction." *Id.* at 1125.

After considering the record and Dr. Hawker's arguments, we see no reason to disturb the Board's determination that Dr. Hawker failed to make a nonfrivolous

---

[5]   We use the pagination assigned by the CM/ECF system for Dr. Hawker's Informal Brief.

allegation that he made a protected disclosure that was a contributing factor in a VA personnel action.

First, we see no error in the Board's determination that, with respect to the allegations in paragraph (2) above, Dr. Hawker failed to nonfrivolously allege that he engaged in protected whistleblowing activity. Dr. Hawker failed to identify the "questionable" and "poor" practices he alluded to, and he did not provide detail on his "concern about the safety of" the performance of "some procedures." App'x 49 ¶¶ 11–12. As the Board concluded, these allegations are "vague, conclusory, and fail[] to reveal circumstances from which a disinterested person in his position could reasonably conclude that the [VA's] actions evidenced any of the violations described in [5 U.S.C. § 2302(b)(8)]." *Sadler v. Dep't of the Army*, 129 F.4th 1339, 1345 (Fed. Cir. 2025).

Second, we see no error in the Board's determination that Dr. Hawker's disclosures in paragraphs (1), (3), (4), and (5) do not satisfy the knowledge/timing test because his allegations do not indicate that the VA officials who took the actions had knowledge of his disclosures. *See* App'x 48 ¶¶ 5–6; App'x 49 ¶ 13; App'x 50 ¶¶ 16, 21; *Initial Decision* at 15 ("the record is silent as to when and to whom he raised these specific concerns"), 18 ("th[e] evidence suggests that [Dr. Hawker's] initial complaint was not processed and, as such, could not have come to the attention of any [VA] officials outside of the IG's office"), 19 ("[Dr. Hawker] does not allege or even suggest that [the Human Resources Specialist] had anything to do with the alleged retaliatory personnel actions in this case, nor does he allege that [the Human Resources Specialist] disclosed or otherwise influenced the [VA] officials that actually took the actions"), 20 ("there is nothing in this record to show or even suggest that any of the [VA] officials responsible for taking the complained of actions had knowledge of and/or were otherwise influenced by [Dr. Hawker's] whistleblowing activity").

Dr. Hawker nonetheless argues that "[t]he Administrative Judge's assertion that there is no evidence the [officials taking the personnel actions] were aware of [his] whistleblowing activities appears to overlook key facts" because: (1) "it *seems reasonable to assume* that the Salem VA Medical Center would be notified of a non-confidential[6] disclosure made to the Inspector General's office," and (2) a "November 12, 2013 letter from Congressman Forbes to the VA . . . *would likely have been disseminated* to relevant parties." Pet. Informal Br. 9–10 (emphases added). But "this court cannot overturn the Board's decision based on mere speculation." *Royal v. Dep't of Army*, 413 F. App'x 270, 274 (Fed. Cir. 2011); *see Ryan v. Dep't of Def.*, 760 F. App'x 990, 997 (Fed. Cir. 2019) ("The [Whistleblower Protection Act] does not give employees *carte blanche* to announce that their coworkers have committed serious legal violations based purely on speculation . . . ."). Each of Dr. Hawker's general assertions fails to allege that the official taking the personnel action knew of the disclosure. *See* Resp. Br. 28 (citing 5 C.F.R. § 1201.4(s)(1)); *Kerrigan*, 833 F.3d at 1355 (declining to "accept [the petitioner's] invitation to *infer* [specific persons'] knowledge based only on a closeness in timing and his conclusory allegation that their actions were done 'in retaliation'").

Moreover, as Respondent explains, although Dr. Hawker was "represented by counsel before the [Administrative Judge] and the full Board," he "did not submit th[e] letter [from Congressman Forbes] to the [Board],

---

6    We note that, as Respondent points out, the Administrative Judge stated that "[t]he evidence introduced by [Dr. Hawker] appears to refute his claim that his IG Hotline complaint was 'non-confidential.'" *Initial Decision* at 19 n.18; *see* App'x 158 ("On October 29, 2013, OIG received a confidential complaint . . . .").

either with his IRA appeal documents or in his October 12, 2021 jurisdictional submission, nor did he appear to draw the [Board's] attention to this document." Resp. Br. 29–30. We agree with Respondent that "it is not appropriate for [Dr. Hawker] to make [his corresponding] argument to this Court for the first time on review." *Id.* "Our precedent clearly establishes the impropriety of seeking a reversal of the [B]oard's decision on the basis of assertions never presented to the presiding official or to the [B]oard." *Rockwell v. Dep't of Transp., Fed. Aviation Admin.*, 789 F.2d 908, 913 (Fed. Cir. 1986). "Congress expressly limited our appellate review, 5 U.S.C. § 7703(c), to final orders and decisions of the [B]oard on the *record*." *Id.*[7]

Finally, we see no error in the Board's determination that Dr. Hawker "failed to establish contributing factor,"

---

[7]    For the same reasons, we grant Respondent's partial motion (ECF No. 33) to strike certain pages from Dr. Hawker's proposed corrected appendix (ECF No. 31). Because the following pages were not part of the administrative record, we strike them from Dr. Hawker's proposed corrected appendix: 4–9, 11–20, 22–27, 29–44, 48, 50–57, 71–77, 85, 88–89, 91, 150–57, and 159. *See* ECF No. 33 at 3–4; *Laity v. Dep't of Veterans Affs.*, 5 F.3d 1504 (Table), 1993 WL 300788, at *2 (Fed. Cir. Aug. 6, 1993) ("[T]he respondent now contends that the court should decline to review the material in the addendum, because it was not contained in the record before the [Board]. We agree. The Federal Rules of Appellate Procedure limit our review to the record of proceedings before the [Board]. The court will not consider evidence that was not before the Board." (citation omitted)). We thus grant-in-part the portion of Dr. Hawker's motion (ECF No. 30) seeking to file the corrected appendix (ECF No. 31), i.e., to the extent the materials were already in the administrative record.

under the non-frivolous allegation standard, using methods other than the knowledge/timing test. App'x 5.

Dr. Hawker's allegations summarized in paragraphs (1) and (4) above involve unidentified "failures," "issues," and "concerns" regarding unidentified "studies" or "procedures." App'x 48 ¶¶ 5–6; App'x 50 ¶ 16. The Board determined that these allegations are insufficient because they do not indicate "whether the whistleblowing was personally directed at" a deciding official or "a desire or motive to retaliate against" Dr. Hawker. *Johnson*, 2022 WL 4459926, at *4; App'x 6. We see no error in that conclusion about the significance of what is missing from Dr. Hawker's submissions, a conclusion not contradicted, but rather reinforced, by what those submissions affirmatively disclose.

The Board observed that the VA's "reasons for its personnel actions—which all stemmed from [Dr. Hawker's] lack of competence—were strong." App'x 5. During his "second week of employment . . . it was suggested that [Dr. Hawker] may need additional training." App'x 197. The Chief of Staff said, "it would be better if [Dr. Hawker] left on [his] own at that time, as opposed to being terminated later." *Id.* In "early June," a couple of months after being hired, Dr. Hawker's first-line supervisor said that Dr. Hawker "didn't bring the level of expertise that they had hoped for when they hired [him]." *Id.*; App'x 5. The Board thus concluded that, "considering the totality of the evidence, including the absence of any indication or allegation that [deciding] officials knew of [Dr. Hawker's] OIG disclosures when they took the alleged personnel actions, the strength of the [VA's] reasons for its personnel actions," and the fact that the VA's "identification of [Dr. Hawker's] performance issues well preceded any of his alleged disclosures, [he] also failed, under methods for establishing contributing factor other than the knowledge/timing test, to nonfrivolously allege contributing factor for disclosures (3) and (5)." App'x 6. "We may not reweigh that evidence."

*Jones v. Dep't of Health & Hum. Servs.*, 834 F.3d 1361, 1369 (Fed. Cir. 2016).

CONCLUSION

We have considered Dr. Hawker's remaining contentions and are unpersuaded. For the foregoing reasons, we affirm the Board's dismissal of Dr. Hawker's appeal.

**AFFIRMED**

COSTS

No costs.